THURSTON *v.* UNION INS. Co. of Philadelphia.

SAME *v.* MERCHANTS' INS. Co. of Newark.

SAME *v.* METROPOLE INS. Co.

SAME *v.* HOWARD INS. Co.

(*Circuit Court, D. New Hampshire.* July 12, 1883.)

1. FIRE INSURANCE POLICY—STORE FIXTURES CONSTRUED.
   When a fire insurance policy contains clauses excepting from the insurance "store fixtures," and "store and other fixtures," the words "store fixtures" mean store fittings or fixed furniture, which are peculiarly adapted to make a room, a store rather than something else.

2. SAME—STORE—FACTORY.
   Store being the American word for shop or warehouse, is never applied to a factory; and fixtures in a shoe factory are not covered by the term "store fixtures," in a policy of insurance

At Law.

*John S. H. Frink* and *Joseph F. Wiggin*, for plaintiff.

*Batchelder & Faulkner*, for defendants.

LOWELL, J. The plaintiff, who sues in behalf of a mortgagee, was owner of certain property described in the four policies as "his three-story frame building and additions, occupied for stores and shoe factory, situate on the north side of Third street, in Dover, N. H." Possession was taken by the mortgagee, the Cocheco Savings Bank, November 3, 1881, of which notice was given, and the companies agreed to pay to the bank in case of loss. The four policies were for $2,000 each, and there was a loss by fire, December 28, 1881, of which due notice and proof were furnished. The cases were, by agreement of the parties, sent to a referee to find the amount of injury and the character of the property injured in detail. His report is very full, and states the damage in 18 items. The dispute arises upon the construction of the policies.

In each of the first three policies there is a printed clause, substantially like that which I copy: "*Fences and other yard fixtures, sidewalks, store furniture and fixtures* are not covered by insurance on the building, but must be separately and specifically insured." The policy of the Howard Company, which I call the fourth, contains this printed sentence:

"The insurance under this policy does not apply to or cover jewels, plate, watches, musical or scientific instruments, (piano-fortes in dwellings excepted,) ornaments, medals, patterns, printed music, engravings, paintings, picture frames, sculpture, casts, models or curiosities, or friezes or gilding on walls and ceilings, fences, privies, or other yard fixtures, store or other furniture or fixtures, or plate-glass in doors or windows, (when plates are of nine feet square or more,) unless each are separately and specifically mentioned, and then not exceeding the actual cost of the same."

The plaintiff bought the land in 1858, and made additions to the buildings, which is the meaning of the word "additions" in the policy. He fitted the buildings for stores and for a shoe factory, and occupied them himself for some years. I infer from the statement of the referee that some or all of the premises were occupied by tenants at the time of the fire. But this is immaterial. The question is, what are the "store fixtures" excluded from the contract under three policies, and the "store or other fixtures" excluded from the policy by the Howard Company?

There is no doubt that an exception of fixtures out of a policy upon buildings refers to things which are, under some circumstances, removable, and not necessarily and always a part of the buildings. If we could suppose a printed exception in a policy to be intended to adapt itself to the various relations of landlord and tenant, mortgagor and mortgagee, heir and executor, so that fixtures refer to what may be removed in the particular case, all the disputed items in this case would be within the policies, because they are undoubtedly irremovable, as between the plaintiff and the mortgagee. But if these

same things had been affixed by a tenant, there is no doubt that he might remove them during his term. Such a shifting construction would be unreasonable. We must look for a meaning of "store fixtures" which has a more general application. And I find it in the context and the popular meaning of the words. I hold it to mean, in this connection, store fittings or fixed furniture, which are peculiarly adapted to make a room a store, rather than something else. It is plain that "store fixtures" does not refer to the fixtures of the shoe factory, for the written part of the policies distinguishes the stores from the factory, and so does the common use of the words. Store is the American word for shop or warehouse, and is never applied to a factory. The words "store fixtures" are construed in *Whitmarsh* v. *Conway F. Ins. Co.* 16 Gray, 359, though that case is not of special importance in deciding this case.

For the convenience of counsel I number the items in a copy of the referee's report which I place on file. And first I will say what items I find to be covered by all the policies. These are items 1 and 2, which were admitted by the defendants' counsel to be within the contract; they are the walls, roofs, floors, partitions, doors, and windows, including the show windows which last had not plate-glass of the prohibited size. 11. Boiler fixtures in boiler-room. The boiler cannot be removed without taking down part of the boiler-house, and is used, among other things, to heat the building. 13. Elevator machinery, which, in recent usage, is as much a part of the house as are the stairs. 14. Steam piping, radiators, and iron tanks, which, both from their mode of annexation and their use, which is equally applicable to a dwelling-house, a factory, or a shop, are part of the building. 16. Gas piping, for similar reasons. 10. Speaking tube, for similar reasons. I exclude from all the policies, items 6, wooden tank; 17, gas-fixtures, which are chattels,—the former by its construction, the latter by usage. Also, as "store fixtures," 3, 4, and 5,—shelving and counters in the stores, and shelving and basin in the barber's shop.

For all items not above excluded the three companies are liable. The fourth, or Howard Company, by my construction, escapes by virtue of "or other" from the fixtures of the shoe factory, which are items 7, 8, 9, 12, 15, and 18.

I believe I have mentioned every item and that the parties can assess the damages against each company without difficulty, in accordance with this opinion.