FIDELITY PHOENIX FIRE INSURANCE COMPANY, A COR-
PORATION, RESPONDENT, v. COHN-HALL-MARX COM-
PANY, A CORPORATION, APPELLANT.

Argued May 26, 1931—Decided February 1, 1932.

For the appellant, *Stein, McGlynn & Hannoch* (*Edward R. McGlynn,* of counsel).

For the respondent, *William B. Gourley.*

The opinion of the court was delivered by

DALY, J.  On July 29th, 1925, the plaintiff issued to the defendant, a corporation engaged in the textile business, an open policy of insurance, insuring the goods of the defendant against loss by fire from August 1st, 1925, to August 1st, 1926.  The policy provided, among other things, that liability should be limited to loss or damage to the goods while located or stored in certain expressed locations.  Among the locations enumerated in a rider attached to the policy, was The Consolidated Piece Dye Works, at Hazel street and Montclair avenue, Paterson, New Jersey, and the coverage on goods at this location was $150,000.

On January 13th, 1926, goods owned by the defendant, such as were covered by the policy, to the value of $49,454.45, were destroyed by fire while at a warehouse of The Consolidated Piece Dye Works, but located at 205-207 Paterson street, Paterson, New Jersey.  It was agreed that the loss to defendant was $35,923.54, after deducting the value of goods salvaged.  The plaintiff disputed liability on the policy, but, after conferences between them, paid to defendant on March 24th, 1926, the sum of $21,000, and on May 1st, 1926, the sum of $14,923.53.  Defendant gave plaintiff "loan receipts" for these amounts, a "loan receipt" being used in case of payments by an insurance company when a bailee or other third party may be responsible for the loss.  On May 13th, 1926, defendant gave its check to plaintiff for $850.60, the difference between the insurance rate at the actual location of the fire and the rate at the location given in the rider.

Plaintiff sued for the return of the amounts paid defendant.  The complaint is based on fraud.  The basis for the charge of fraud is that defendant, prior to the aforesaid payments, represented to plaintiff that the goods destroyed were stored by The Consolidated Piece Dye Works at the Paterson street address instead of the Hazel street and Mont-

clair avenue address without defendant's knowledge and without its authority; that this alleged false statement, and plaintiff's belief in reliance thereon that defendant had a good and sufficient cause of action against The Consolidated Piece Dye Works for breach of its contract for the care and custody of said goods, was the inducement for the payment of the aforesaid amounts by plaintiff to defendant.

As part of the terms upon which plaintiff had paid the moneys to defendant, it was agreed that defendant, or plaintiff in its behalf, should institute suit against The Consolidated Piece Dye works for the value of the goods destroyed. This suit was instituted by Fidelity Phoenix Fire Insurance Company, in the United States District Court for the district of New Jersey, against The Consolidated Piece Dye Works and resulted in a verdict for the defendant therein. The issue involved was whether the goods destroyed had been stored in the Paterson street warehouse without the knowledge and authority of Cohn-Hall-Marx. .

The instant suit was tried before Judge Mackay and a struck jury in the Passaic County Circuit Court, resulting in a judgment for plaintiff against defendant for $43,620.07. The grounds of defendant's appeal are (1) the denial of defendant's motion for a nonsuit; (2) the denial of defendant's motion for a directed verdict; (3) the court's refusal to charge three of defendant's requests to charge, and (4) that the court erroneously charged as to the dates when interest began to accrue on plaintiff's claim.

The testimony showed that, when the defendant took up with plaintiff the question of the settlement of its loss after the fire, it represented that it did not know, prior to the fire, that the goods destroyed were stored at the Paterson street warehouse (which was proved to be a poor fire risk because not equipped with a sprinkler system and because of the neighborhood). A representative of plaintiff then said that, if this were so, defendant had a right to recover for the loss against The Consolidated Piece Dye Works and payment of the loss would be made by plaintiff upon the plaintiff being subrogated to defendant's right as against The Consolidated

Piece Dye Works as provided for in the policy. Plaintiff subsequently made the payments and defendant executed a "loan receipt" which recited "received from the insurance company * * * being a loan without interest and repayable only to the extent of any net recovery we may make from any third parties on account of loss of or damage to property." Defendant argues that it made no representation as to the alleged cause of action, but that plaintiff's representatives formed the opinion that there was such a cause of action. This is not credible. The defendant then knew that the goods had been stored at the Paterson street address with its knowledge and consent and, when it asserted the contrary, it made a material, false representation upon which plaintiff based its advances. Of course, plaintiff did not request a guaranty that the proposed suit would be successful but it did anticipate that defendant had an honest claim and a colorable right of action against The Consolidated Piece Dye Works.

The testimony for the plaintiff of T. Ivan Arnold, treasurer of The Consolidated Piece Dye Works, Justino Colatarci, its shipping clerk, and Thomas J. Arnold, its vice-president, is illuminating. They all testified that the officers, and many employes of defendant, knew exactly where the goods were stored. It would, therefore, seem that any suggestion that the goods had been stored without defendant's knowledge and consent was a knowingly false representation.

William H. Jones was manager of plaintiff's loss department. When he was told by Lawrence Marx, president of defendant company, that he did not know, prior to the fire, where the goods were stored, Jones said that this would make a difference and his company would take the question of advancing the money for the loss under advisement. The matter was taken under advisement shortly after the fire of January 13th, 1926, and the first payment made March 24th, 1926. Even though the plaintiff had an opportunity to make an investigation the jury could still have found that the false representations were the cause which induced and effected the advancement of the money. There is no evidence

in the case that plaintiff made any independent investigation or acted upon the findings of an independent investigation.

The foregoing is sufficient to indicate that there was sufficient testimony to take the case to the jury upon the question as to whether, first, the defendant made the alleged representations to plaintiff with the intent that plaintiff should act upon them; second, as to whether the representations were false to the knowledge of the defendant when it made them; and third, whether plaintiff believed the representations to be true, acted upon them and was thereby injured. This disposes of one of the grounds of defendant's motions for a nonsuit and for a directed verdict.

The case, hereinbefore referred to, in the United States District Court, was tried April 20th, 1927. The jury returned a verdict in favor of the defendant but judgment thereon was not entered until October 28th, 1929. On February 16th, 1928, plaintiff, by letter, demanded repayment of the moneys advanced, with interest from the dates of payment, because it alleged the loss was paid without any legal liability and "we relying fully on the fact that you as our assured had a good cause of action against The Consolidated Piece Dye Works, when as a matter of fact no such cause of action existed as was demonstrated by the trial in the United States District Court." The present suit was started July 27th, 1928. Another ground of defendant's motion was that plaintiff, by the trial in the United States District Court, on April 20th, 1927, discovered the misrepresentations and did not demand the return of the moneys advanced until February 16th, 1928, and thus waived its right to demand the repayment because of the long delay. This is not sound. If there had been fraud committed by the defendant, the limitation upon plaintiff's time to assert its right to an action for deceit would be the period fixed by the statute of limitations.

A further ground asserted by defendant on its motions was that plaintiff had not tendered to defendant the return of the sum of $850.60, the difference in the insurance rates previously referred to, until after the suit was instituted.

There is nothing in this contention. It may be that defendant had a right to the recovery of this sum but that did not defeat the right of the plaintiff to recover for the fraud. Under instructions of the court, the jury gave defendant credit for this sum, and interest, in arriving at its verdict.

The remaining ground of defendant's motions was based on the theory that since defendant paid the plaintiff $850.63, the difference in the rates of insurance, and an endorsement to this effect was added to the policy, which endorsement was retroactive according to the dates thereon (August 1st, 1925, to August 1st, 1926), the plaintiff, thereby, became liable for the loss of the goods, even though stored at the Paterson street address in violation of the policy as written, and therefore there could have been no misrepresentation. The endorsement did not cover the goods at the Paterson street address. It is entirely silent as to the property covered. Also, this payment was received, and the endorsement made, under the terms of settlement for the fire loss, and in reliance upon the same representations as to lack of knowledge as to, and absence of authorization for the storing of the goods in the Paterson street warehouse. Defendant's point was not well taken.

The remaining grounds of appeal are based on the court's refusal to charge numbers eight, nine and ten of defendant's requests to charge. We do not find, in the state of the case, number eight among the requests to charge. There are two numbers nine. The first number nine refers to the rider concerning the payment of the additional premium after the fire. This nowhere mentions the goods located at 205-207 Paterson street. The trial court was not in error in refusing to construe this rider as covering goods located at 205-207 Paterson street. The trial court was not in error in refusing to construe this rider as covering goods located at said address nor in refusing to charge the jury that it should be so construed. The second number nine is to the effect that before there could be a recovery for the alleged fraud the additional premium should have been returned. As hereinbefore pointed out in disposing the court's rulings on defend-

ant's motions, this is not legally correct. Number ten raises the question as to the materiality of the alleged representations and was sufficiently covered in the court's charge.

The court also charged the jury that, if plaintiff was entitled to a verdict, it should be for $21,000 with interest thereon from March 24th, 1926, and $14,923.53, with interest thereon from May 1st, 1926, from these sums to be deducted $850.53 with interest thereon. Defendant excepted to this portion of the charge. The trial judge was correct in the measures of damages charged, *i. e.*, the moneys paid with interest thereon from the dates of payment.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.