**CAMDEN FIRE INSURANCE ASSOCIATION, a corporation, v. DAYLIGHT GROCERY COMPANY, a corporation.**

12 So. (2nd) 768                                        January Term, 1943
March 30, 1943                                                Division B

*Rogers, Towers & Bailey, C. D. Towers* and *Taylor Jones,* for appellant.

*Harry W. Reinstine,* for appellee.

BROWN, J.:

This is a proceeding under Section 62.09, Florida Statutes, 1941, wherein a declaratory decree construing a policy of fire insurance is sought. The facts, as stated in the bill and ad-

mitted in the answer, are as follows: On February 12, 1941, plaintiff insurance company issued a fire insurance policy to defendant covering (1) goods, wares and merchandise; (2) store, office and warehouse furniture and fixtures, and (3) machinery incidental to stores and warehouses. The policy also contained an "Exclusion Clause," section (B) of which stated that the policy did not cover "property in any manufacturing building owned or controlled by the assured."

In July, 1941, assured leased a manufacturing plant located in A.C.L. Warehouse No. 13, in Jacksonville, Florida, together with all machinery and equipment therein, and there engaged in the manufacture of stock and poultry feed.

On September 15, 1941, by endorsement or rider attached to the policy, said section "B" of the exclusion clause was deleted from the policy and declared null and void and a new location was added to the coverage of the policy in these words: "It is also understood and agreed that the following location is added to the coverage under this policy: A.C.L. Warehouse N. 13, near Riverside Viaduct, in Jacksonville, Florida."

In December, 1941, the assured purchased and installed in said manufacturing plant a Diesel motor which was used solely in the manufacture of stock and poultry feed, or more specifically, it was used to drive a hammer mill for grinding grain. Said Diesel motor was a machine incidental to manufacturing plants and not a machine incidental to stores and warehouses.

On January 23, 1942, a fire of unknown origin destroyed the entire stock of goods, and also the Diesel motor, located in said manufacturing plant. The plaintiff paid the defendant for said stock of goods, and all other property claimed by defendant to be covered by said fire insurance policy except the aforesaid Diesel engine.

The decree of the circuit court was favorable to the defendant and held:

"That inasmuch as Section "B" of the Exclusion Clause hereinabove set forth was deleted by endorsement and the policy of fire insurance issued by plaintiff to defendant was endorsed so as to add to its coverage the A.C.L. Warehouse

No. 13 in Jacksonville, Florida, without describing the nature of the property in said warehouse insured under the terms of said policy, all machinery incidental to said manufacturing plant belonging to the defendant and located in said warehouse came within the coverage of said policy of fire insurance, and specifically said Diesel motor described in the bill of complaint herein."

It will be noted from the above statement of facts that the only machinery insured by the policy is "machinery incidental to stores and warehouses." The fact as alleged in the bill and admitted by the answer is that "said Diesel Motor was a machine incidental to manufacturing plants and not a machine incidental to stores and warehouses." Thus the policy as originally written did not cover the loss of defendant's Diesel motor. The contention of the defendant below, appellee here, is that the effect of the rider or endorsement attached to the policy after the defendant had assumed control of the said manufacturing business in A.C.L. warehouse No. 13, was to extend the coverage of the policy to *all* property of the defendant at the new location.

The policy as originally written covered only machinery incidental to stores and warehouses, and if manufacturing machinery became covered by the policy by reason of the rider subsequently attached it must be because the rider specifically extended the coverage of the policy to manufacturing machinery. Appellant's contention is that the plain reading of the terms of the rider discloses that the coverage of the policy was not extended to a new type of property or to another class of machinery; that it only extended the coverage of the policy to a new location.

The policy as originally written covered goods, wares and merchandise incidental to stores and warehouses. And it contained an exclusion clause to the effect that the policy did not cover property in any manufacturing building owned or controlled by the assured. The subsequent rider attached to the policy deleted section (B) of the Exclusion Clause which provided that the policy did not cover "property in any manufacturing building owned or controlled by the assured." The exclusion clause thus stricken did not specifically mention

machinery in any manufacturing building owned by the assured, and thus both before and after the striking of section "B" of the exclusion clause the coverage of the policy, insofar as machinery is concerned, was confined to machinery incidental to stores and warehouses. Nor does the additional language in the rider add anything to the coverage under the policy. It merely provided that: "It is also understood and agreed that the following location is added to the coverage under this policy: A.C.L. Warehouse No. 13 near the Riverside Viaduct, in Jacksonville, Florida." Now what was the coverage under the policy which was extended to the new location? According to its language, it was goods, wares and merchandise; store, office and warehouse furniture and fixtures, and machinery incidental to stores and warehouses.

Can it be that the subsequent deletion of section "B" of the Exclusion Clause could have extended by implication the coverage of the policy so as to embrace manufacturing machinery? We think not. The word "machinery" did not appear in the exclusion clause which was thus deleted, and the word "property" as used therein could hardly have been intended to cover machinery of any sort, because as to machinery there was an explicit coverage by the policy of "machinery incidental to stores and warehouses." and no other kind of machinery is anywhere referred to. And if this exclusion clause had been left out of the original policy, to begin with, the coverage of such policy would not have embraced machinery incidental to a manufacturing plant, but only "machinery incidental to stores and warehouses." Thus the coverage of the policy is made quite plain and it was only this coverage of the original policy which was extended to the new location. We do not see how the adding of said rider to the original policy could be considered to have expanded the coverage of the policy beyond its express terms. Certainly it did not specifically extend the coverage of the policy to an entirely different type of machinery from that expressly named in the policy. But when section "B" of the Exclusion Clause was deleted and the coverage of the policy extended to the new location, it left the policy covering "property" of the assured located in

the manufacturing building which the assured had acquired, that is, property of the classes specifically described in the policy. We cannot find any language in the first paragraph of the rider or endorsement which adds a new and different class of property to the coverage of the policy, but it does permit such coverage to extend to the classes of property described when located in the manufacturing building of the assured, which it could not have done if section "B" of the exclusion clause had not been deleted by such rider.

The question arises, would the second paragraph of the rider enlarge the coverage of the policy so as to include machinery? We think not. It merely provided that: "The following location is added to the coverage under this policy: A.C.L. Warehouse No. 13, near Riverside Viaduct in Jacksonville, Florida.' We cannot find in these words any agreement by the plaintiff to insure the defendant against the loss of manufacturing machinery; it only added a new location to the coverage provided by the policy. The complete effect of the rider was to cover the class of property described in the policy located in the new location described in the policy, which the parties admit was a manufacturing building. If it had been the intention of the parties to so amend the policy as to cover manufacturing machinery at this new location, they could easily have done so in express terms.

Counsel for appellee contends that the court should consider the main object to the contract, the purpose which the parties sought to accomplish, and that particular parts of the contract must be construed so as to harmonize with such purpose. But here we have no evidence before us by which to arrive at the object of the contract, or the purpose which the parties had in mind, except the language of the contract itself as subsequently amended by the rider attached thereto. But counsel contends that the above clauses of the policy and the rider subsequently attached thereto should be construed to mean that the coverage had been extended to goods, wares and merchandise in stores, warehouses and manufacturing plants and machinery incidental to stores, warehouses and manufacturing plants; that otherwise the main object or purpose sought to be accomplished; i. e the insurance of the

property of the defendant in the manufacturing plant, would be defeated. Counsel also contends that if a clause in an insurance policy is subject to two constructions, it will be construed most strongly against the insurer, which rule this court has frequently enunciated. We think all of these contentions must yield to the plain language of the policy and the rider subsequently attached thereto. If such clauses of the policy here involved and the language of the rider could be construed as being subject to two constructions, we agree that they should be construed most strongly against the insurer, but as we view it there is no real ambiguity in the language of this policy or the endorsement thereafter attached. Whatever the undisclosed object or purpose of the parties may have been, we do not see how we can read into them any coverage of manufacturing machinery. Indeed, there are cases holding that since a rider is a later expression of the intention of the paries relating to the matter covered by it, it must be presumed to express the exact agreement of the parties thereon and cannot be extended to affect other provisions of the policy not mentioned in the rider.

In this general connection see Leavitt v. National Fire Ins. Co., 151 N.Y.S. 71; Thurston v. Union Ins. Co. 17 Fed. 127; Morris v. Am. Liability & Surety Ins. Co., 322 Pa. 91, 185 Atl. 201; Thompson-Starrett Co. v. American Mutual Liability Ins. Co., 276 N.Y. 266, 11 N.E. (2nd) 905: Fidelity-Phoenix Fire Ins. Co. v. Cohn-Hall Marx Co., 108 N.J. Law 358, 158 Atl. 424; Continental Casualty Co. v. Hall, 118 Miss. 871, 80 So. 335; Couch on Insurance, Sections 159, 181 and 184.

Reversed and remanded.

BUFORD, C. J., THOMAS and SEBRING, JJ., concur.