John P. Yadro, Trading as Yadro's Service Station, Plaintiff-Appellant, v. United States Fidelity and Guaranty Company, Defendant-Appellee.

Term No. 54–O–1.

Fourth District.

February 1, 1955.

Rehearing denied February 23, 1955.

Released for publication March 3, 1955.

Rea F. Jones, and F. P. Hanagan, both of Benton, for appellant.

Hill & Hill, of Benton, for appellee.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

The plaintiff, John P. Yadro, owner and operator of Yadro's Service Station, was insured under a garage liability policy issued by the defendant insurance company. A car owned by one Marcinak was damaged by fire while in Yadro's place of business for some service, namely the application of undercoating. Marcinak sued Yadro, and the latter brought this suit, claiming that his liability to Marcinak was covered under the policy issued by defendant.

The question presented is whether the garage liability policy covers damage by fire to a car left in charge of the insured for servicing. The use in insurance policies of the words "in charge of" has produced much litigation in other states, and the phrase was recently considered by this court in Welborn v. Illinois Nat. Casualty Co., 347 Ill. App. 65, cited by both sides herein.

In that case, the insurance coverage was stated in such broad and general terms as to import all types of hazards. Another provision excluded property "owned by, rented to, in charge of, or transported by the insured." These words were construed to have a related significance, and thus applied to property used by the insured, whether owned, or otherwise in his possession for his use.

It was recognized that a car left for servicing was also "in charge of" the insured in another sense, but this meaning was rejected as being repugnant to the broad coverage of the policy as a whole, under the principle that a construction should be adopted which would make all provisions of the policy consistent. As a result, a car left with the insured for servicing was not excluded from the liability coverage.

In the policy now before us, any ambiguity in the phrase "in charge of" is avoided by the device of separately describing the two possible situations, and specifying the different hazards covered in each case, as follows:

The policy states that coverage entitled, "B. Property Damage Liability," applies to hazards defined as: "The ownership, maintenance or use of the premises for the purpose of an automobile dealer, repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto; and the ownership, maintenance or use of any automobile in connection with the above-defined operations, and the occasional use for other business purposes and the use for nonbusiness purposes of any automobile owned by or *in charge of the named insured and used principally in the above defined operations.*" (Italics ours.)

By another provision entitled, "D. Property of Others in Charge of Insured," the defendant agrees: "To pay on behalf of insured all sums which the insured shall become legally liable to pay as damages because of injury to or destruction of property of

480

others of a kind customarily left in charge of garages, including loss of use thereof, caused by accidental collision or upset of such property while in charge of the named insured in connection with his automobile dealer, repair shop, service station, storage garage or public parking place operations."

A separate exclusion provision declares that coverage D does not apply to "injury or destruction caused directly or indirectly by fire or theft."

■ Insurance covering liability arising out of "collision and upset" is different from insurance covering "fire and theft," and the exclusion of the latter is not repugnant to, nor inconsistent with, the specified coverage.

The plaintiff makes reference to certain exclusions from the coverage entitled "B. Property Damage Liability." Reference thereto is irrelevant in this case, since coverage B applies by definition to a car "in charge of the named insured and used principally in the defined operations." The Marcinak car was not used principally in the plaintiff's business, but was left in his charge for service only, so that it comes squarely within the definition of coverage D.

■ Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary and popular sense. Bridge v. Massachusetts Bonding & Insurance Co., 302 Ill. App. 1.

■ The plaintiff's argument in this court ignores the express policy provision which defines the liability covered when a car is left in charge of insured for service. It also ignores parts of the definition of hazards. By treating these provisions as though they did not exist, the conclusion is reached that the remaining language is sufficiently general in terms, to include every possible liability, and to provide the same coverage in all cases.

481

■■ It is common for liability policies to define hazards and specify the extent and limits of coverage of different risks. A court is without authority to reject some of the express statements of coverage and then declare that another coverage was intended to apply in all cases, for this would violate the principle that a court cannot under the guise of construction make a new contract for the parties. Sistler v. Illinois Bankers Life Assur. Co., 341 Ill. App. 512, 520.

■■ The rule that ambiguous language is to be construed most strongly against the insurer, does not authorize a perversion of language or the exercise of inventive powers for the purpose of creating an ambiguity where none exists. Canadian Radium & Uranium Corp. v. Indemnity Ins. Co. of North America, 342 Ill. App. 456, 473; Pioneer Life Ins. Co. v. Alliance Life Ins. Co., 374 Ill. 576.

■■ Plaintiff also contends the trial court erred in refusing to allow a certain witness to be called under section 60 of the Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 184; Jones Ill. Stats. Ann. 104.060]. The witness was a local insurance broker, operating his own office, and selling policies in various companies including defendant. He does not come within the definition of an adverse witness under section 60. Moreover, his testimony could not change the wording of the insurance policy, nor the meaning thereof. There was no error in this ruling.

■ Since the policy in this case contained a specific and limited coverage of liability arising out of damage to property of others left in charge of the insured for service, and excluded damage by fire therefrom, the trial court properly entered judgment for the defendant, and the judgment is affirmed.

Judgment affirmed.

CULBERTSON, P. J. and BARDENS, J., concur.