98 So.2d 330 (1957)
NATIONAL AUTOMOBILE INSURANCE ASSOCIATION, a foreign corporation, Appellant,
v.
Charles D. BRUMIT, Appellee.
Supreme Court of Florida.
November 20, 1957.
*331 Robinson & Robinson, St. Petersburg, and S. Perry Penland, Jacksonville, for appellant.
Bussey & Simmons, St. Petersburg, for appellee.
THORNAL, Justice.
Appellant National Automobile Insurance Association, which was defendant below, seeks reversal of a summary final decree entered in a declaratory judgment proceeding.
The question to be settled is whether appellant is liable on an insurance policy hereafter summarized.
Appellee, Brumit, filed a complaint in equity seeking a declaration of his rights under an insurance policy issued to him by appellant which we hereafter refer to as "the Association". Except for the peculiarities mentioned herein the Association issued to appellee Brumit a standard policy of public liability coverage on an automobile. However, instead of insuring the described automobile, the policy had stamped on its face "Name Operator Policy  Description [of the automobile] Waived". Brumit was the named assured. Under the insuring agreements the Association agreed "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay * * *", because of bodily injury or property damage, "caused by accident and arising out of the ownership" of the automobile. Another provision of the policy defined the word "insured" by stating that "the unqualified word `insured' includes the named insured and also includes any person while using the automobile" with permission of the named insured. A rider added to the policy provides that it covers the named assured's automobile on any military reservation when it is operated by a driver legally authorized to operate it. A further condition of the policy is that the "named insured" shall refer only to the subscriber.
While the appellee's automobile was being driven by his fiancee on a public highway in the State of Kentucky an accident occurred. This produced a lawsuit against appellee and his then-fiancee (now his wife) in the State of Kentucky. Appellant denied liability and refused to defend the Kentucky litigation. The instant proceeding was filed in Pinellas County, Florida, as a suit for a declaratory decree.
The appellee contended that the Association was liable on the policy and should be required to defend the Kentucky action. The Chancellor agreed with the appellee and entered a decree construing the policy as appellee contended. By the decree the Association was directed to defend the Kentucky litigation, assume the liability of the appellee Brumit to the extent of the policy limits and in the instant case to pay a fee to the attorneys for the appellee. No responsibility for the claims against the wife of appellee was imposed upon the *332 Association. Reversal of this decree is now sought.
Appellant contends that the insurance policy merely insured the owner of the automobile only while he, himself, was operating it, with the lone exception of when the car was being driven on a military reservation with the owner's permission as provided in the attached rider.
The appellee contends that the provisions of the policy itself, despite the rider, are sufficiently broad to cover the owner's liability when his car is being driven by someone else with his consent regardless of where the collision producing liability might occur.
We have many times announced the rule that the provisions of a policy of insurance which tend to limit or avoid liability are to be construed most liberally in favor of the insured and strictly against the insurer. Poole v. Travelers Ins. Co., 130 Fla. 806, 179 So. 138.
With reference to riders attached to insurance policies, we have held that the language contained in a rider will not be extended to affect other provisions of the policy which are not expressly mentioned in the rider. Camden Fire Insurance Ass'n v. Daylight Grocery Co., 152 Fla. 669, 12 So.2d 768.
An examination of the policy attached to the complaint reveals that it is very inartfully drafted to say the least. However, we think it sufficiently clear from the insurance coverage provisions and from the definitions contained in the policy that the liability imposed upon the Association by the final decree was thoroughly justified by the language of the policy itself. Although there is some possible implication that the Association may have intended generally to insure only the "named insured" while operating any automobile, it certainly cannot be concluded that this is the only construction that could be placed upon the policy provisions. On the contrary, the construction announced by the Chancellor below is clearly within the language of the insurance contract. This being so and that construction being the one most favorable to the insured, we find that the conclusion of the Chancellor must be approved. National Surety Corp. v. Windham, Fla. 1954, 74 So.2d 549; New York Life Insurance Co. v. Kincaid, 136 Fla. 120, 186 So. 675. This rule has been announced so many times that additional supporting citations would be superfluous.
Before concluding we wish to state that we have not considered and do not here pass upon the propriety of using the declaratory judgment proceeding in the instant case. This question certainly was not raised in this Court and there is no indication by the record or briefs that the point was presented to the Chancellor. We have therefore considered the record without determining this factor. We mention this so that those who might examine this opinion as a precedent will not conclude that we overlooked the opinion of this Court in Columbia Casualty Co. v. Zimmerman, Fla. 1952, 62 So.2d 338. The rule of that decision was not tendered for our consideration by the parties to this appeal.
The decree appealed from is 
Affirmed.
TERRELL, C.J., and THOMAS, HOBSON and DREW, JJ., concur.