88 So.2d 888 (1956)
AI HAENAL, d/b/a A.H. Automotive Service, Appellant,
v.
UNITED STATES FIDELITY and GUARANTY COMPANY OF BALTIMORE, MARYLAND, Appellee.
Supreme Court of Florida, Special Division B.
July 18, 1958.
Robbins & Cannova and Arthur J. Franza, Hollywood, for appellant.
Fleming, O'Bryan & Fleming and Harrison D. Griffin, Fort Lauderdale, for appellee.
ROBERTS, Justice.
This appeal involve the interpretation of a Garage Liability Policy issued by the appellee insurance company to the appellant Haenal covering his automobile repair shop. The trial judge held that the insurance policy did not cover the loss by fire of a customer's car while it was in Haenal's shop for repairs and dismissed Haenal's complaint. Haenal has appealed.
The policy in question contains four types of coverage: Coverage A, Bodily Injury Liability; Coverage B, Property Damage *889 Liability; Coverage C, Automobile Medical Payments; and Coverage D, Property of Others in Charge of Named Insured. Haenal was insured under Coverages A and B but not under Coverages C and D. Coverage B, which is the coverage here relied upon by Haenal as the basis for his suit, obligates the company "[t]o pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the hazards hereinafter defined." The Coverage B "hazard" which Haenal contends his loss arose out of is defined (in Division 2 of the "Definition of Hazards") as
"The ownership, maintenance or use of the premises for the purpose of an automobile repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto; and the use in connection with the above defined operations of any automobile not owned or hired by the Named Insured, a partner therein or a member of the household of any such person."
Division 1 of the "Definition of Hazards" is identical to the above, insofar as the premises are concerned; and, as to automobiles, it applies to "the ownership, maintenance or use of any automobile in connection with the above defined operations, and the occasional use for other business purposes and the use for non-business purposes of any automobile owned by or in charge of the Named Insured and used principally in the above defined operations." Division 3 of the "Definition of Hazards" covers "The ownership, maintenance or use of elevators at the premises."
It is also pertinent to note that under Coverage D, the company is obligated "[t]o pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of injury to or destruction of property of others of a kind customarily left in charge of garages, including the loss of use thereof, caused by accidental collision or upset of such property while in charge of the Named Insured in connection with his automobile dealer, repair shop, service station, storage garage or public parking place operations."
The policy contains eight exclusions. Relevant here are the following: "This policy does not apply * * * (f) under Coverage B, to injury to or destruction of (1) property owned by or rented to the Insured, or (2) except under division 3 of the Definition of Hazards, property in charge of or transported by the Insured, * * * (h) under coverage D, to injury or destruction caused directly or indirectly by fire or theft; or to injury to or destruction of (1) property owned by or loaned or rented to the Named Insured, or (2) automobiles being driven or transported from the factory or other wholesale distributing point to the purchaser or for storage."
It is, of course, our duty to resolve any ambiguities in an insurance policy in favor of the insured; however, an isolated sentence of the policy should not be construed alone but "in connection with other provisions of the policy in order to arrive at a reasonable construction to accomplish the intent and purpose of the parties." James v. Gulf Life Ins. Co., Fla. 1953, 66 So.2d 62.
As noted, the exclusion clause of the policy here in question exempts the insurance company from liability, under Coverage B, for injury to or destruction of property owned by, rented to, in charge of, or transported by the insured (except as to the coverage relating to elevators under the Division 3 hazard, quoted above). The only ambiguity here, if any, is as to the meaning of the words "in charge of." While this particular exclusion clause in a Garage Liability Policy has not heretofore been interpreted by this court, it is almost universally held by courts of other jurisdictions that customers' cars, while *890 being serviced or repaired, are "in charge of" the insured within the meaning of such an exclusion clause. See State Automobile Mutual Ins. Co v. Connable-Joest, Inc., 1939, 174 Tenn. 377, 125 S.W.2d 490; Clark Motor Co. v. United Pacific Ins. Co., 1943, 172 Or. 145, 139 P.2d 570; Parry v. Maryland Casualty Co., 1930, 228 App.Div. 393, 240 N.Y.S. 105; Root Motor Co. v. Massachusetts Bonding & Ins. Co., 1932, 187 Minn. 559, 246 N.W. 118; Yadro v. United States Fidelity & Guaranty Co., 1955, 4 Ill. App.2d 477, 124 N.E.2d 370; 2 Richards on Insurance, Sec. 296, p. 978. But see Welborn v. Illinois National Casualty Co., 347 Ill. App. 65, 106 N.E.2d 142, and Vaughan v. Home Indemnity Co., 1952, 86 Ga. App. 196, 71 S.E.2d 111, where a different conclusion was reached under policies varying considerably from that with which we are here concerned.
Yadro v. United States Fidelity & Guaranty Co., supra, 124 N.E.2d 370, 371, is almost squarely in point, on its facts, with the instant case. There, the insured sought to collect for the loss of a customer's car by fire while it was in his shop for servicing, basing his claim on a Coverage B hazard contained in the policy that was identical with that of Division 1 of the "Definition of Hazards", quoted above. The policy also contained a Coverage D identical with that of the instant policy, quoted above, and an identical exclusion clause as to Coverage D. The exclusion clause as to Coverage B was not quoted verbatim, but it appears to have been the same as that in the instant policy. Whether the policy there considered also contained a Division 2 hazard, such as that quoted above and here relied on by Haenal, is not shown by the opinion. But we think the reasoning of the Illinois court is equally applicable to either Division 1 or Division 2 of the Coverage B hazards defined in the instant policy. The Illinois Court pointed out that injury to or destruction of a customer's car, while it was "in charge of" the insured for servicing, comes squarely within the definition of Coverage D, and said:
"It is common for liability policies to define hazards and specify the extent and limits of coverage of different risks. A court is without authority to reject some of the express statements of coverage and then declare that another coverage was intended to apply in all cases, for this would violate the principle that a court cannot under the guise of construction make a new contract for the parties. * * *
"Since the policy in this case contained a specific and limited coverage of liability arising out of damage to property of others left in charge of the insured for service, and excluded damage by fire therefrom, the trial court properly entered judgment for the defendant, and the judgment is affirmed."
The clear intent of the parties here, as in the policy construed by the Illinois court, was to extend coverage for liability for injury to or destruction of property "in charge of" the insured, under Coverage D (and not even then for loss by fire); and to interpret the policy as providing for this same type of coverage (and even broader in scope) in Coverage B, as here contended for by Haenal, "is unreasonable, absurd and would lead to results never intended or contemplated by the parties." James v. Gulf Life Ins. Co., supra, 66 So.2d 62, 63. And, like the Illinois court, we "cannot under the guise of construction make a new contract for the parties."
For the reasons stated, it was not error to hold that the policy in question did not cover loss by fire of the customer's car, so the judgment appealed from should be and it is hereby
Affirmed.
TERRELL, Acting Chief Justice, and THOMAS and THORNAL, JJ., concur.