Jennie Westby, Appellant, v. Those Certain Underwriters at Lloyd's, London, Signatory to Lloyd's Certificate No. L 61002, Appellee.

Gen. No. 47,843.

First District, First Division.

November 30, 1959.

Released for publication February 9, 1960.

Foster and Richards, of Chicago, for plaintiff-appellant.

Lord, Bissell, and Brook, of Chicago (Richard E. Mueller and Richard C. Valentine, of counsel) for defendants-appellees.

PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

This is a suit on an insurance policy. The plaintiff appeals from an order sustaining a motion to dismiss.

In 1957 the plaintiff, Jennie Westby, sued Zoie Puffer, a beauty parlor operator, for personal injuries received from a beauty treatment, and obtained a default judgment of $5,000.

Puffer had an insurance contract with certain underwriters at Lloyd's, London, protecting her from all claims made against her for bodily injury resulting from any treatment or the use of any preparation in the operation of her beauty parlor. The policy allowed direct action against the underwriters if a judgment against the insured was returned unsatisfied. The execution against Puffer was so returned and this suit followed.

The plaintiff's statement of claim in the Puffer case alleged that she received some beauty treatments from the defendant, among them the dyeing of her eyebrows, that in the course of this treatment hot wax was applied to her eyelashes and eyebrows, that

21

this was followed by an application of a dye, that the defendant was negligent in not pretesting the dyes upon the plaintiff prior to using them, that the dyes were dangerous and poisonous, and as a result she suffered burns and rashes on her face, forehead, eyes and eyelids.

The defendant's motion to dismiss the present suit set forth that the plaintiff failed to state a cause of action because it was apparent on the face of her statement of claim against Puffer that her injuries were sustained because of the treatment for dyeing her eyebrows and that in the policy of insurance, which was attached to that statement of claim, there was an exception which read:

"8. Exceptions. This insurance does not cover loss on account of injuries . . . suffered . . . by any person . . . by reason of or caused by . . . (1) the application and/or use of any eyebrow or eyelash dyes."

The plaintiff argues that the exception clause does not apply because Puffer was charged with the failure to pretest the dye and not with its negligent application. She further contends that her injuries may have been caused by the application of the dye, the failure to pretest or the use of hot wax during the treatment; that only one of these, the application of the dye, comes under the exception, and if either of the others was the proximate cause of the injuries she would be able to recover under the policy. Several cases have been cited to support this interesting theory but we have found none of them in point.

The plaintiff's argument does not recognize the essential difference between the two lawsuits. The suit against Puffer was an action in tort, while the present one is on a contract. In the former it was necessary to prove negligence in order to obtain a

22

judgment against the beauty parlor operator. In the latter it is necessary that the injuries be within the terms of the contract in order to obtain a judgment against the underwriters. Puffer was charged with just one act of negligence, the failure to pretest the dyes; her liability was established upon this allegation and a default judgment was entered accordingly.

■ In determining if the plaintiff's injuries are covered by the insurance policy the facts, as disclosed by the pleadings and the exhibits, and the words of the policy must be considered. Contracts of insurance, like other contracts, must be construed according to the terms which are used if these terms are not ambiguous. Yadro v. United States Fidelity & Guaranty Co., 4 Ill.App.2d 477; Grimes v. Maryland Casualty Co., 300 Ill. App. 62. The defendant, in clear language, stated that it did not wish to assume the risks accompanying the application and use of eyebrow dyes; it stated that any injuries caused thereby were not covered by the contract.

■ Although the negligence charged, and by default admitted, in the Puffer case was the failure to pretest the dyes, the statement of claim made it abundantly clear that the use of the dyes brought about her burns and rashes. If the dyes were not applied she would not have been injured. If a pedestrian has been run down by a motorist he must prove the motorist guilty of some negligent act or omission if he wishes to recover from him; but the victim's injuries came from being struck by an automobile, whether the motorist's negligence was speeding, driving on the wrong side of the street or running through a stop light. So in this case, the plaintiff's injuries were caused by the application of the dyes whether the operator's negligence was the one charged or, as has been suggested, was in using hot wax which

23

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

opened the plaintiff's pores permitting deeper penetration of the dye to her skin and flesh.

The plaintiff's injuries were within the exceptions of the insurance policy. Her statement of claim did not state a cause of action and, therefore, the trial court correctly dismissed the suit.

Judgment affirmed.

SCHWARTZ and McCORMICK, JJ., concur.