PEARSON, TILLMAN, Judge.
The Jefferson Insurance Company, an automobile liability insurer, brought a complaint in equity for a declaratory decree. Irving M. Fischer and William J. Van Horn were made defendants. • The purpose of the complaint was to secure judicial determination that plaintiff-insurance company was not financially obligated upon a policy it had issued to Van Horn. Fischer was made a defendant because he had obtained a judgment against Van Horn in an action for personal injuries growing out of an automobile accident involving Van Horn’s car. The final decree which is here appealed held that the company had no responsibility arising out of the particular accident in which Fischer was injured. The insured, Van Horn, has not participated in this appeal.
Although the question of the propriety of the use of the Declaratory Decree Statute is not a point presented on this appeal, we note that the gist of the complaint is a request for the construction of the terms of an insurance policy. In this respect it differs from the complaint considered by this Court in Johnson v. Atlantic Nat’l Ins. Co., Fla.App., 155 So.2d 886.
The basic facts are undisputed. At the time of the accident which occurred in the City of Miami Beach, the automobile owned by Van Horn was being operated by its sole occupant, one Ronald E. Kennedy. Under the heading “Insuring Agreements”, the policy of insurance covering the Van Horn automobile contained the following:
“To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance of use of the automobile.”
On the bottom of that page of the policy labelled “Declarations” (but not included as a numbered item thereunder) is found the following wording:
“LIMITATIONS OF COVERAGE In consideration of the premium it is understood that this policy does not apply unless named insured is actually at wheel of automobile operated outside a military reservation.”
In addition, the back cover of the policy contains what follows under the heading “SPECIAL NOTICE”:
“1. It is hereby understood and agreed that while the automobile is within confines of a military post, camp, or base: Insuring Agreement III,
“Definition of Insured; the word ‘Insured’ is amended to include the named insured, spouse, or any person driving the automobile with permission of the named insured.
“2. This policy does not apply unless named insured or additional named insured are actually at wheel of automobile outside a military reservation. * * * ”
*779 The appellant urges that the insurance company has “slipped in” an exclusion which is very pertinent to the coverage, but is not mentioned in either the “Exclusions” or “Conditions” sections of the policy.[1] It is then argued that from this wording of the policy an ambiguity arises which must be construed against the company since policies are prepared by experts and the interplay of the various provisions is intricate and difficult for the layman to understand. Praetorians v. Fisher, Fla.1956, 89 So.2d 329, 333.
As we view the policy in this case, two conflicting provisions exist. The insuring agreements obligate the company to pay on behalf of the insured for injury sustained by any person caused by an accident arising out of the ownership, maintenance or use of the automobile. Further on, presumably in the “Declarations” section, the coverage is limited upon the public highways of Florida to those situations where the named insured is at the wheel.
The appellee submits that there is no ambiguity because the language of the declaration is clear and the court may not make a new contract for the parties under the guise of construction. Haenal v. United States Fidelity & Guaranty Co., Fla.1956, 88 So.2d 888, 890. As pointed out in the last cited case, an isolated sentence of the policy will not be construed alone, but the policy must be considered as a whole to determine if an ambiguity exists. We think that by placing the limitation on coverage in the “Declarations” section and on the policy cover without reference to the “Insuring Agreements” and without inclusion of the drastic limitation in the section plainly labelled “Exclusions”, the insurance company has created an ambiguity in the policy as a whole.
It may With justification be said that the company has given with one hand and taken away with the other all but a small part of the coverage in such a way as to mislead those seeking insurance coverage. Along this line we are particularly impressed with the fact that the “Exclusions” section of this policy, which begins with the words “This policy does not apply * * *.”, and where various limitations on coverage are contained, does not contain the broad limitation on coverage applicable in this case. Such limitation is found elsewhere, yet in each instance contains the words “This policy does not apply * * *.” We hold such a contract of insurance to be misleading and subject to the principle that a contract of insurance prepared by an insurance company will be construed strictly as against the insurer. Poole v. Travelers Ins. Co., 130 Fla. 806, 179 So. 138.
Also important to our decision in this matter is the principle that in the case of conflicting clauses in an insurance policy, the clause which affords the insured the most protection will prevail. See Queen Ins. Co. v. Patterson Drug Co., 73 Fla. 665, 74 So. 807, L.R.A.1917D, 1091; Franklin Life Ins. Co. v. Tharpe, 130 Fla. 546, 178 So. 300; Kimbal v. Travelers Ins. Co., 151 Fla. 786, 10 So.2d 728; New York Life Ins. Co. v. Bird, 152 Fla. 532, 12 So.2d 454. We cannot but feel that the placement within the policy of the provisions severely limiting coverage creates such a conflict.
We hold, therefore, that the policy is ambiguous as to the coverage afforded and that the chancellor erred in his holding that the Jefferson Insurance Company had no obligation to pay any portion of the judgment entered for Irving M. Fischer and against William J. Van Horn. The final decree is reversed with directions to enter a decree in accordance with the views herein set forth.
Reversed and remanded.

. It lias been held by our Supreme Court that the language contained in riders attached to insurance policies will not be extended to affect other provisions of the policy which are not expressly mentioned in the rider. National Automobile Ins. Ass’n v. Brumit, Fla.1957, 98 So.2d 330, 332.