166 So.2d 129 (1964)
JEFFERSON INSURANCE COMPANY, an Arkansas Corporation, Petitioner,
v.
Irving M. FISCHER, Respondent.
No. 33055.
Supreme Court of Florida.
May 20, 1964.
Rehearing Denied July 7, 1964.
Copeland, Therrel, Baisden & Peterson and Meek Robinette, Miami Beach, for petitioner.
Fuller & Brumer and Kenneth L. Ryskamp, Miami, for respondent.
CALDWELL, Justice.
This cause is before us on petition for writ of certiorari alleging conflict between the decision of the District Court of Appeal, Third District,[1] and Haenal v. United States Fidelity and Guaranty Company[2] and Travelers' Insurance Company v. Peake.[3]
William J. Van Horn, then in military service, applied to appellant insurance company for public liability and property damage automobile insurance. By the application *130 he agreed that the policy applied for should cover the insured vehicle only while being driven by the insured or his spouse. The page of the policy entitled "Declarations" contains this language.
"Limitations of Coverage
"In consideration of the premium it is understood that this policy does not apply unless named insured is actually at wheel of automobile operated outside a military reservation."
The last page of the policy under the heading "Special Notice" contains the following:
"1. It is hereby understood and agreed that while the automobile is within confines of a military post, camp, or base: Insuring Agreement III,
"Definition of Insured: the word `Insured' is amended to include the named insured, spouse, or any person driving the automobile with permission of the named insured.
"2. This policy does not apply unless named insured or additional named insured are actually at wheel of automobile outside a military reservation. * * *"
Ronald E. Kennedy was the sole occupant and driver of the Van Horn automobile, outside the military reservation, when appellee Fischer was injured in an accident. Fischer sought damages but the appellant insurer denied liability on the theory that the insured, Van Horn, was not operating the vehicle at the time of the accident. The Chancellor held the company had no responsibility arising out of the accident in which Fischer was injured.
The District Court of Appeal, Third District, reversing the Chancellor's decree held:
"* * * that by placing the limitation on coverage in the `Declarations' section and on the policy cover without reference to the `Insuring Agreements' and without inclusion of the drastic limitation in the section plainly labelled `Exclusions', the insurance company has created an ambiguity in the policy as a whole. * * *"[4]
The District Court, referring to the principle that "in the case of conflicting clauses in an insurance policy, the clause which affords the insured the most protection will prevail" said: "We cannot but feel that the placement within the policy of the provisions severely limiting coverage creates such a conflict."[5]
The insurer and the insured enjoyed the right to contract such coverage as was mutually agreeable. The insured did not complain and has not asserted that he was misled, that the contract was ambiguous or that he was in any wise confused by the statements said to be in conflict. The insured did not join in the appeal.
The basic principles of law enunciated in the Haenal case, supra, and the Peake case, supra, conflict with the decision here under review, notwithstanding the District Court's findings that the contract was misleading, ambiguous and conflicting.
We cannot agree the policy was either misleading, ambiguous or contained conflicting provisions. The limitation complained of was lucidly specified in the application and in two clauses of the policy and was understood by the insured. The intent of the parties was clear and the insured was afforded the protection he applied and paid for.
Here, as in the Haenal case, supra, the court "* * * cannot under the guise of construction make a new contract for the parties * * *."[6]
The decision of the District Court of Appeal, Third District, is quashed and the *131 cause is remanded for further proceedings not inconsistent with the views expressed herein.
DREW, C.J., ROBERTS and O'CONNELL, JJ., and CARROLL, District Court Judge, concur.
THOMAS and HOBSON (Ret.), JJ., dissent.
NOTES
[1] 156 So.2d 777 (Fla.App.3rd 1963).
[2] 88 So.2d 888 (Fla. 1956).
[3] 82 Fla. 128, 89 So. 418 (1921).
[4] 156 So.2d 777, 779 (Fla.App.3rd 1963).
[5] Ibid.
[6] 88 So.2d 888, 890 (Fla. 1956).