[L. A. No. 16820. In Bank.—August 1, 1940.]

JOHN J. LONG et al., Appellants, v. WEST COAST LIFE INSURANCE COMPANY (a Corporation), Respondent.

20

Arthur Rosenblum and Benjamin Elconin for Appellants.

Randall & Bartlett and Kenneth W. Kearney for Respondent.

CURTIS, J. — This is an action for declaratory relief brought by the plaintiffs against the defendant insurance company for the purpose of having a certain life insurance policy issued by the defendant insurance company to plaintiff, John J. Long, declared to be in full force and effect in so far as the death benefits that may hereafter accrue are concerned.

On March 29, 1920, plaintiff husband purchased from the defendant insurance company at a yearly premium of $174.75 a thirty-year endowment policy in the capital sum of $5,000. This policy provided for three alternative methods of payment: (1) In the event of the death of the insured prior to the expiration of 30 years, $5,000 to be payable to his beneficiary, Maude S. Long, his wife; (2) in the event the insured survived until March, 1950, the sum of $5,000 to be payable to him; and (3) in the event insured became totally and permanently disabled while the policy was in full force and effect, the payment to him of $50 a month for 100 months.

The conditions relative to the third alternative method of payment are contained in the following provision of the policy: "TOTAL AND PERMANENT DISABILITY. If the insured becomes totally and permanently disabled . . . prior to the attainment of sixty years, while this policy is in

full force and effect, the Company agrees, *without further payment* of premiums, to pay monthly to the insured while living, as an advance, installments for one hundred months, each of such installments to be 1 per cent of the amount otherwise payable under this policy on the death of the insured, the first of such advance payments to be made immediately following the receipt by the company of satisfactory proofs of such total and permanent disability. The total amount of monthly advance payments that may be made hereunder shall be deducted from the total amount otherwise due under this policy on the death of the insured; *all subject, however, to the conditions hereinafter set out; to-wit:*

"1. That payment of this benefit shall be in lieu of all other benefits and values under this policy.

. . . . . . . . . . . . . .

"3. That immediately after the commencement of the Total and Permanent Disability full particulars thereof must be given in writing to the Company at its Home Office, together with the then address of the insured, *and within 120 days after the commencement of the total and permanent disability, there must be given the Company at its Home Office satisfactory proof of total and permanent disability,* and annually thereafter similar proofs must be given, if required by the Company, of the continuance of the total and permanent disability.

. . . . . . . . . . . . . .

"6. That no claim on account of total and permanent disability shall be valid or enforceable if there is a failure to comply with any of the foregoing provisions."

The above quoted provision of the policy is the only provision of the policy dealing with the question of total and permanent disability.

In February, 1932, plaintiff husband quit his employment because of an arthritic condition. He had theretofore borrowed $1840 on the policy but had kept up payment of interest on the loan and premiums on the policy. On March 29, 1932, he failed to meet both the premium and interest then falling due. The latter part of April, defendant insurance company sent him a notice that his policy had lapsed. In September or October he called at the office for disability blanks. They informed him that his policy had lapsed for nonpayment of premiums, but furnished him with blanks which he filled out

and mailed to the company on December 28, 1932. The company refused to pay his claim for instalments claimed to be due under the permanent and total disability clause, upon the ground that his policy had lapsed for nonpayment of premium, and because he had not filed his proof of claim within the time provided by the policy, that is to say, 120 days after the commencement of total and permanent disability. On July 8, 1935, plaintiffs brought an action against defendant in the Municipal Court of Los Angeles for the recovery of disability payments covering a period from February 20, 1932, to June 20, 1935. Upon the trial, judgment was in favor of the defendant insurance company which was affirmed by the appellate department of the superior court. The court expressly found that plaintiff husband, in February, 1932, became ill with arthritis and was rendered so crippled with the disease that he became permanently and totally disabled as a result thereof; that it was not true that the defendant insurance company on or about February, 1932, was notified of the sickness and total disability of said plaintiff; that plaintiff did not act diligently in regard to the matter of notifying defendant of his disability and did not give defendant notice of such disability within a reasonable time after he became aware of the fact that he was totally disabled and that such total disability was permanent; that the first notice received by defendant of any claim that said plaintiff was totally disabled or was suffering from any permanent disability was the 28th of December, 1932. As a conclusion of law the court held that plaintiff ''is entitled to take nothing by virtue of his complaint herein and that defendant is entitled to judgment against said plaintiff for his costs.''

On August 18, 1937, plaintiffs filed the present action by which they seek to have it declared that by virtue of the terms of the insurance policy plaintiff husband was automatically relieved of any obligation to pay premiums, that the policy is still in full force and effect, and upon his death his beneficiary will be entitled to the payment of $5,000 as a death benefit from the defendant insurance company. The defendant insurance company answered pleading *res judicata* and the statute of limitations. Upon the trial of the cause only the judgment in the prior action was admitted in evidence, together with a stipulation that if the plaintiff were called to testify he would testify that his physical condition was still as bad or

worse than it was at the time of the former trial in the municipal court and that by reason of his disability he has been unable to and has not worked since the former trial. The court found that the issues involved in the present action were the same as those in the prior action in the municipal court and hence *res judicata,* and also that the present action was barred by the statute of limitations. Upon these findings judgment was entered for the defendant. From said judgment, the plaintiffs have appealed.

We are satisfied that the conclusion of the trial court that the issues involved in the present action are the same as those in the prior action in the municipal court, and hence *res judicata,* is correct. Appellants base their entire claim for declaratory relief to the effect that the policy is still in full force and effect in so far as the death benefit is concerned, upon the premise that the total and permanent disability of the insured automatically relieved him from all future payments of premiums, and automatically converted the insurance into a paid-up policy which required the payment to the named beneficiary of the sum of $5,000 upon his death, and that this automatic conversion of the insurance into a paid-up policy took effect regardless of whether or not the insured gave any notice to the insurance company. The weakness in appellants' contention is the fact that there is no separate provision of the policy so providing, and the provision hereinbefore quoted is not susceptible of such construction.

Even a cursory reading of said provision clearly indicates that the only subject of said paragraph of said policy is the advancement in the payment of said policy by $50 a month instalments in the event the insured becomes permanently and totally disabled and that this result is only to be accomplished by the fulfillment of the express provision of said paragraph with reference to the giving of proper notice and proof to the insurance company. Nothing is said therein to the effect that permanent and total disability will automatically relieve the insured from his premium obligations, and such a provision cannot be extracted from the language employed without also carrying with it the express requirement that proper notice and proof within a designated time must be furnished to the insurance company. As before noted, the policy provided for three alternative methods of

payment, (1) the payment of a death benefit, (2) the payment of the entire sum as an endowment, and (3) the payment in advance instalments of the face value of the policy in the event the insured became totally and permanently disabled and gave proper notice to the company. Appellants attempt to read into the policy the provision that the insured may select any of the three alternatives without further payment of premiums in the event he becomes permanently and totally disabled, and that it is only in the event that he selects the third alternative that it was necessary for him to give proper notice and proof to the insurance company. But the policy does not so provide, and while it is the rule that insurance policies should be construed liberally in favor of the insured, the court cannot interpolate provisions in any insurance policy which provisions do not in fact exist.

 The insured after notification of the lapsing of his policy elected to select the third alternative, and upon a refusal of the company to pay to him the $50 instalments which he claimed to be due under the terms of the policy, the insured tested his right to said payments in the Municipal Court of Los Angeles. At that trial the insurance company set up the defense that the insured had not complied with the express terms of the policy requiring immediate notice of such permanent and total disability and satisfactory proof of such disability within 120 days. The judgment was for the insurance company, which judgment was affirmed by the appellate division of the superior court. This judgment, whether right or wrong, determined the rights of the insured and his beneficiary under said policy. There is no merit in appellants' argument that the judgment in that case was no broader than the issue actually involved, insured's right to advance payment in instalments of the benefits of the policy, and is, therefore, not *res judicata* as to the issue raised in the present proceeding, insured's right to a death benefit, which issue appellants' claim was outside the scope of the former judgment. The determination of the municipal court in finding that the insured was not entitled, by reason of his failure to give proper notice and proof to the company, to be paid by the third alternative method, likewise determined that he was not entitled to the benefits of the policy under either of the other alternative methods of payments.

As a matter of fact, appellants' argument is not based upon any provision of the policy either express or implied but upon an alleged admission on the part of the insurance company in its answer in the former suit in the Municipal Court of Los Angeles to the effect that, ''defendant admits that said policy, among other provisions, relieved plaintiff from the obligation to pay premiums during the pendency of total and permanent disability as total and permanent disability is defined in said policy . . . ''. This alleged admission must be considered in its context in the former action, which action involved the issue of whether or not the insured was entitled to the benefits of said policy in advance instalments, and in which action the defendant company in addition to making the above admission, expressly denied liability upon the ground of the failure of the insured to give proper notice. It cannot be fairly said that said alleged admission was an admission on the part of the insurance company that in the event the insured became permanently and totally disabled, he was automatically relieved of all future premium obligations, and was relieved of the necessity of giving the notice and proof expressly required by said paragraph of the policy which conferred the benefit.

As before noted, although the insured had kept up the premiums for twelve years, he had prior to the time he became afflicted with arthritis borrowed the sum of $1840 and he did not after March, 1932, keep up the payment of interest on this loan. However, in view of the conclusion we have reached that the plea of *res judicata* was properly interposed by the insurance company, and properly upheld by the trial court, it will not be necessary for us to discuss the effect of this failure to keep up interest payments. Nor, for the same reason, will it be necessary for us to discuss the question of whether or not the instant action was barred by the statute of limitations.

The judgment is affirmed.

Shenk, J., Edmonds, J., and Gibson, C. J., concurred.