[Civ. No. 3592.   Fourth Dist.   Mar. 26, 1948.]

JOHN G. SPEIRS & COMPANY (a Corporation), et al., Appellants, v. UNDERWRITERS AT LLOYD'S LONDON, Respondent.

Waldo R. Bergman for Appellants.

Calvin H. Conron, Jr., for Respondent.

MARKS, J.—This is an appeal from a judgment for defendant, in an action in declaratory relief to determine the respective rights, duties and liabilities of the parties under a policy of indemnity insurance written by defendant, the insurer, indemnifying plaintiffs, the insured, against loss or claim of damage under certain circumstances.

The general terms of the policy were broad enough to cover the claim of loss made in this case.  Exclusion provisions were contained in and were attached to the policy, and the construction and effect to be given one of them is determinative of this appeal.  This clause reads as follows:

"Notwithstanding anything contained herein to the contrary, it is hereby understood and agreed that Paragraph 'F' of the form attached to the policy is amended to read as follows:

"F. It is expressly agreed that the agreement of the Company to indemnify attached ONLY WHEN THE LIABILITY IMPOSED BY LAW upon the Assured exceeds the amount stated in item (a) and (b) below and then only for such excess .

(a) $5,000 as respects any one claim or series of claims arising out of any one occurrence by reason of the ownership, operation, maintenance or control of any automobile, trailer, semi-trailer, tractor, or other motor vehicle; or

(b) $100.00 as respects any claim or series of claims arising out of any one occurrence other than described above . . ."

About May 3, 1944, a Dodge truck belonging to Gussie Spears was in the possession of plaintiffs on their business property in Bakersfield for the purpose of having a trailer hitch installed. There was no such hitch then on the truck. The trailer hitch was fabricated by plaintiffs and on May 3d, was being welded on the frame of the truck when a fire occurred damaging the truck in the alleged amount of $2,400, to recover which sum an action was brought against plaintiffs. They notified defendant of the action and demanded that it conduct the defense of the suit. Defendant denied liability and refused the request. This action is to determine the rights and duties of the parties under these circumstances. To settle this question, as the claim for damages was less than $5,000, we must determine if the plaintiffs had "control" of the motor vehicle at the time it was damaged by the fire.

In Black's Law Dictionary, "control" is defined as follows: "Power or authority to manage, direct, superintend, restrict, regulate, direct, govern, administer, or oversee." In *Rose* v. *Union Gas & Oil Co.*, 297 F. 16, it is defined as follows: "The word 'control' does not import an absolute or even qualified ownership. On the contrary it is synonymous with superintendence, management, or authority to direct, restrict, regulate." (See also, *Dinan* v. *Superior Court*, 6 Cal.App. 217 [91 P. 806]; *McCarthy* v. *Board of Supervisors*, 15 Cal.App. 576 [115 P. 458]; *Coffey* v. *Superior Court*, 147 Cal. 525 [82 P. 75].)

There can be little doubt that the Dodge truck was under the control of plaintiffs at the time of the fire and that the claim for damages against them arose out of an occurrence by reason of that control. Plaintiffs had complete possession of and power and authority to manage the truck during the time they were doing the work on it. It follows that they had

"control" of it. As the claim for damages was less than $5,000, defendant was relieved from liability under the clear and express terms of the contract.

As said in *Guidici* v. *Pacific Automobile Ins. Co.,* 79 Cal. App.2d 128 [179 P.2d 337], quoting from *Clark Motor Co.* v. *United Pacific Ins. Co.,* 172 Ore. 145 [139 P.2d 570]:

"True, the exclusion clause greatly limits the liability of the insurer but it is not so repugnant to the 'Insuring Agreements' as to defeat the purpose of the policy and thereby lead to an absurd result. As said in Couch's Cyclopedia of Insurance, Vol. 1, sec. 187: ' . . . an insurer ordinarily may insert as many exemption clauses in its policy as it sees fit, and the courts cannot change terms by judicial construction, even in the case of exemptions from liability, if the same are free from ambiguity and uncertainty as to meaning.' "

In the Guidici case it was further said: "Appellant argues that all ambiguities in a policy of insurance are to be construed against the insurer. This is a truism well established. (*Samson* v. *Century Indemnity Co.,* 8 Cal.2d 476, 478-9 [66 P.2d 434, 109 A.L.R. 1162].) But where a provision of a policy is clear and unambiguous it must be construed according to its plain meaning. (*Samson* v. *Century Indemnity Co., supra,* p. 480; *Long* v. *West Coast Life Insurance Co.,* 16 Cal.2d 19 [104 P.2d 646]; *Coit* v. *Jefferson Standard Life Ins. Co.,* 28 Cal.2d 1 [168 P.2d 163].)"

The foregoing conclusion makes it unnecessary to consider the other exclusion clauses in the policy.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.