34017. VAUGHAN *v.* HOME INDEMNITY COMPANY.

Decided May 22, 1952.

*John L. Westmoreland Sr., John L. Westmoreland Jr., J. Ralph McClelland Jr.,* for plaintiff in error.

*T. J. Long, Nick Long Jr.,* contra.

FELTON, J. The defendant contends that the property damaged by the fire was excluded from coverage by the "exclusions" set out in the policy. The pertinent provisions of the policy were as follows: "Insuring Agreements . . Coverage B—Property Damage Liability. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of such of the operations hereinafter defined as are indicated by specific premium charge or charges in item 6 of the declarations. Definition of Operations. Division 1—Automobile Dealer or Repair Shop. The ownership, maintenance, occupation or use of the premises herein designated, including the public ways immediately adjoining, for the purpose of an automobile dealer or repair shop, and all operations either on the premises or elsewhere which are necessary and incidental thereto, including repairs of automobiles or their parts, and ordinary repairs of buildings on the premises and the mechanical equipment thereof, and the ownership, maintenance or use of any automobile for any purpose in connection with the above defined operations, and also for pleasure use. . . Exclusions. This policy does not apply: . . (i) under coverage B, to property owned by, rented to, in charge of, or transported by the insured." This contention is meritorious. The plaintiff had custody of and control and dominion over the automobile at the time of its destruction so as to render him "in charge of" it and so as to bring it under exclusion (i) of the policy. Clark Motor Co. *v.* United Pac. Ins. Co., 172 Ore. 145 (139 Pac. 2d, 570); Guidici *v.* Pacific Auto. Ins. Co., 79 Cal. App. 2d, 128 (179 Pac. 2d, 337); Cohen & Powell Inc. *v.* Great American Indemnity Co., 127 Conn. 257 (16 Atl. 2d, 354); John G. Speirs & Co. *v.* Underwriters at Lloyd's London, 84 Cal. App. 2d, 603 (191 Pac. 2d, 124); Speier *v.* Ayling, 158 Penn. Sup. 404, 45 Atl. 2d, 385; 131 A. L. R. 1102.

Exclusion (i) did not render the insuring clause inoperative so as to bring the case under the ruling in *Clay* v. *Phoenix Ins. Co.*, 97 *Ga.* 44 (25 S. E. 417). The plaintiff was still covered as to any liability of the plaintiff for damage to property arising out of the operation of his business, except property "owned by, rented to, in charge of, or transported by the insured." While it can be ascertained just what coverage the policy afforded the insured by a minute examination of the terms thereof (and such an examination is necessary to discover just what coverage the policy afforded), the insurer, in keeping with good practice, should more clearly define in the insuring clause of its policies what coverage the insured has under the contract.

The court did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*