Robert O. Brink, J.
The defendant through its attorney has moved"'forr.summary judgment pursuant to rule 113 of the Rules of Civil Practice on the ground that the action has not merit.
On the 28th day of May, 1956 one Leo Walsh took his 1954 Chevrolet two-door sedan to the plaintiff’s place of business in the city of Binghamton for the purpose of having a crack in *847 the rear axle of the car welded. After driving his car into the shop, an employee of the plaintiff, after jacking up the rear end of the automobile, started to work on the car in the presence of the owner. During the progress of the work, the car caught on fire. At the suggestion of plaintiff’s employee, the owner attempted to back the car out of the building, but was unable to start it. The plaintiff then hooked a chain on the car and pulled it out of the shop with a truck. Before the city fire department could extinguish the fire, the car was totally destroyed.
Walsh, the owner of the car, brought an action in this court against the plaintiff in this action to recover damages. The defendant, which had insured the plaintiff under a comprehensive general automobile liability policy, was notified by the plaintiff in this action, denied liability and declined to defend the action. At a pretrial conference with the court, the action brought by Walsh against the plaintiff was settled, by the plaintiff paying Walsh the sum of $1,250. The plaintiff in this action now seeks to recover from the defendant insurance company, the sum of $1,250, being the amount of the owner’s damage which he was required to pay, together with attorney’s fees and disbursements amounting to $260, which amounts in the aggregate to the sum of $1,510.
The defendant denies liability by reason of an exclusion clause in the insurance policy which provides:
‘ ‘ EXCLUSION'S
this policy does not apply,” (par. J., subd. 3) “ except with respect to liability under sidetrack agreements covered by this policy, property used by the insured, or except with respect to liability under such sidetrack agreements or the use of elevators or escalators at premises owned by, rented to or controlled by the name insured, property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control.”
It is the contention of the defendant that the automobile in question at the time the damage was caused was in the care, custody and control of this plaintiff and that he was exercising physical control over the same and that thereby, this loss must be considered excluded from the coverage of the policy.
On the argument of this motion, the defendant’s attorneys submitted an affidavit obtained by Leo Walsh, the owner of the car. The plaintiff’s attorneys have submitted an affidavit signed by the plaintiff. The issue upon which the determination of this litigation hinges, is the question as to whether at the *848 time this loss occurred, the motor vehicle was in custody and control of the plaintiff or whether at that time the insured for any purpose was exercising physical control over the vehicle.
The plaintiff argues, that by reason of the fact that the owner was actually present, it cannot be determined that the motor vehicle was in the custody or control of the plaintiff. If the exclusion in the policy stopped there, there might be some room for argument inasmuch as the owner of the vehicle could at any time by reason of his ownership and his presence exercise control over the automobile. The situation would not be the same as where the owner of a car delivered the car into the possession of a garage repair man and left the premises.
However, this court does not believe that it can be reasonably contended, that at the time of the loss, the plaintiff was not actually exercising physical control over the automobile. The owner drove the car into plaintiff’s garage and placed it in the garage at a point designated by the plaintiff. One of plaintiff’s employees jacked up the rear end and he was actually working on the car at the time it caught on fire. After the car caught on fire, he directed the owner of the car to back the car out of the garage. When the car wouldn’t start, the plaintiff towed it out into the street with his truck. In the opinion of this court, these circumstances constituted the exercise of physical control of the automobile by the plaintiff, during the time the loss occurred. (International Derrick & Equipment Co. v. Buxbaum, 240 F. 2d 536; Hardware Mut. Cas. Co. v. Mason-Moore-Tracy, 194 F. 2d 173; Parry v. Maryland Cas. Co., 228 App. Div. 393.)
The defendant is entitled to an order dismissing plaintiff’s complaint on the merits and directing judgment be entered in favor of the defendant and against the plaintiff pursuant to rule 113 of the Buies of Civil Practice, together with $10 costs of the motion. Order and judgment may be submitted accordingly.