■ MICHAEL POMPEII, Doing Business as AL's WELDING SHOP, Appellant, v. PHOENIX ASSURANCE COMPANY OF NEW YORK, Respondent.— Appeal from an order of the Broome County Court which directed summary judgment dis-

missing the complaint herein, and from the judgment entered thereon. Plaintiff was the assured named in a comprehensive general automobile liability policy. This action was brought to recover moneys paid by him in the settlement of an action brought against him by a customer for property damages, and for counsel fees paid to defend such action. The policy in question contains the following exclusion clause: "This policy does not apply: " * * (j) under Coverage D, to injury to or destruction of * * * property in the care, custody or control of the insured *or property as to which the insured for any purpose is exercising physical control*". (Emphasis supplied.) There is no substantial dispute about decisive facts. One Leo Walsh brought his automobile to plaintiff's garage for the purpose of having a small crack in the axle welded. An employee of plaintiff was assigned to do this work, and while engaged in the performance of it the rear of the car caught on fire. Walsh, the owner of the car, said in his affidavit that plaintiff's employee jacked up the rear end of the car and worked on the axle for about 10 or 15 minutes before the fire occurred. Root, the employee of the plaintiff, said in his affidavit that he used an electric welder and started to work on the axle; that he had just about got started when he noticed the car was on fire. He yelled "Fire" and got out from under the car. It would seem clear that if Root actually jacked the car up he was exercising physical control of it for the purpose of welding the axle. On the other hand if he did not jack the car up but was under it and applying an electric welding torch to the axle he was equally in physical control of the car for that purpose. In either event the owner had temporarily relinquished physical control of the vehicle for the purpose of having it repaired. There seems to be no dispute that the fire occurred because the employee of the plaintiff permitted the electric welding torch he was using to come in contact with the gas tank on the automobile. This fact is alleged in substance both in the complaint and in the answer in this action. Thus the genesis of the damage was fixed as of that moment. In view of this it seems immaterial as to what was done thereafter either by the owner or the plaintiff. Appellant places considerable stress upon the fact that the owner of the car stood near by while the welding operation was being performed, and after the car caught on fire attempted to back it out of the garage. This in no way alters the fact that the fire started while the plaintiff through his employee was exercising physical control of the car for the purpose of welding the axle. The court below held correctly that there were no decisive triable issues of fact and that the exclusion clause applied. The cases cited are of little moment in reaching this decision. *Parry* v. *Maryland Cas. Co.* (228 App. Div. 393) is perhaps the most nearly analogous, although there the exclusion clause was held not to apply because the agreed statement of facts was too meager to permit a finding that the towed automobile was, at the time of the accident, in the custody of the assured. Order and judgment affirmed, with costs. Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur. [7 Misc 2d 846.]