352 P.2d 1013

**MARYLAND CASUALTY COMPANY,**
Plaintiff-Appellee.

v.

**F. E. JOLLY, d/b/a Jolly's Welding Service, Defendant-Appellant.**

No. 6655.

Supreme Court of New Mexico.

June 6, 1960.

Hammel Carrell, Lovington, for appellant.

Joseph O. Walton, Hobbs, for appellee.

McGHEE, Chief Justice.

Maryland Casualty Company, plaintiff-appellee, issued a comprehensive policy of insurance on a bus owned by E. D. Pearce covering among other things, damage or destruction by fire. The casualty company also issued a comprehensive liability insurance policy on the appellant Jolly's Welding Service, owned by appellant F. E. Jolly. The bus in question was damaged by fire on the premises of Jolly's Welding Service.

The casualty company paid Pearce according to its contract for the damage caused by the fire, and brought this action as subrogee to recover the amount paid Pearce on the damage claim, alleging negligence on the part of the appellant in permitting the bus to catch fire. Appellant pleaded in defense contributory negligence on the part of an employee of Pearce, and also counterclaimed that the casualty company was liable as insurer of appellant for the damage sustained and attorney fees.

The trial court held for the casualty company on both counts, and this appeal resulted.

The trial court found the facts to be as follows:

Raymond Briscoe, at the instance of Pearce, his employer, transported the bus to the welding shop for the purpose of repairing a leak in one of the gas tanks. Briscoe agreed to drain the gas tank as best he could before delivery to the appellant and in carrying out this purpose, he drove the bus on the appellant's premises, parked it, and removed the leaking tank, attempting to drain the gas from it. The bus has an alternate gasoline tank on which it could operate, and although Briscoe was free to remove the bus from the premises after the leaking tank had been removed, he did not do so. Thereafter, Barbee, a welder employed by appellant, ran water into the tank in an attempt to empty the remaining gasoline and in so doing caused approximately 20 gallons of gasoline to be spilled upon the ground in and around the gas tank and under the bus. Briscoe left the premises while the tank was being welded, leaving the keys in the bus. Barbee took a portable acetylene torch and began welding the tank, but in so doing the gasoline which had spilled from the tank caught fire and endangered the bus. Before the bus caught fire, there was ample time for appellant or his employee to have removed the bus but they did not so do. Briscoe was not pres-

ent at the time and therefore could not have removed the bus. Although appellant and his employee may not have known that the keys were left in the bus and it could have been moved from the danger area, no attempt was made to ascertain that fact and therefore made no effort to prevent the bus from catching fire. The policy of insurance covering the appellant contained the express provision excluding liability of the casualty company with respect to property in the care, custody or control of the appellant, or any property over which the appellant for any purposes exercised physical control.

From these findings, the court concluded that the appellant was negligent, that Pearce and his agent were in no way contributorily negligent, and rendered judgment for appellee. The court also concluded, on the counterclaim, that the bus was in the care, custody or control of appellant, or appellant exercised and had physical control thereof, and therefore appellee was not liable on its policy of insurance with appellant under the express exclusion clause of said policy.

Appellant alleges that the trial court erred in its conclusions because there is no substantial evidence of record to support the findings (1) that Pearce, through his agent Briscoe was not contributorily negligent or (2) that the bus was in the care, custody or control of appellant or appellant exercised and had physical control thereof.

Findings of fact by the trial court, if supported by substantial evidence, are conclusive on appeal, and such findings will not ordinarily be set aside regardless of whether this court agrees with the trial court. In this regard, all disputed facts are resolved in favor of the successful party and all reasonable inferences indulged in to support the findings and the evidence and inferences to the contrary will be disregarded. Totah Drilling Co. v. Abraham, 1958, 64 N.M. 380, 328 P.2d 1083.

With this principle in mind, we shall answer the questions in the order presented.

On the question of contributory negligence, the pertinent portion of Briscoe's testimony is as follows:

"Q. What did you do when you took the tank off? A. Well, I laid it down on the ground, and one of the welders came out there and helped me pull it over so he could put water in it.

"Q. Was water put in it? A. Water was put in it.

"Q. Did you notice whether or not there was gasoline coming out of the tank when water was being put in? A. Yes, there was water and gas coming out together.

"Q. Did you make any comment to this welder with reference to that gasoline? A. Well, I said, 'It looks like

that'd be pretty dangerous that gas around here like that if he starts welding,' and I don't know whether he heard me or not. He didn't say.

"Q. Did he have any comment to make on it? A. He didn't say anything so I couldn't say if he heard me or not.

"Q. What did you do then? A. Well, after he started putting water in the tank, I went across the street. My car was parked over there and I started to go home, and I heard the fire whistle, so I run back across the street and a blaze was blazing up. Somebody hollered, 'Move the bus.' The blaze looked like it was too dangerous, like I couldn't get in there without getting burned so I didn't take a chance on getting in there and getting burned so I didn't move it.

"Q. You didn't think it was possible to get in there without getting severely burned? A. No, sir, I didn't think it was."

■ Ordinarily, the question of whether a certain type of conduct constitutes contributory negligence is one for the trier of fact, and only where it can be said that reasonable minds could not differ will this court disturb a contrary finding. Sandoval v. Brown, 1959, 66 N.M. 235, 346 P.2d 551. Also, whether the damage complained of was proximately caused by the negligence, if any, of the plaintiff is an ultimate fact or inference drawn by the trier of fact from the evidence and only becomes a question of law when the facts regarding causation are undisputed and all reasonable inferences that can be drawn therefrom are plainly and consistently in favor of such causation. White v. Montoya, 1942, 46 N.M. 241, 126 P.2d 471.

Applying the foregoing principles to the case at hand, we must examine Briscoe's conduct as of the time it occurred and see if it so departs from the norm that reasonable minds would agree that it constituted negligence. If not, the finding that Briscoe was not contributorily negligent must stand.

■ Appellant asserts that Briscoe's failure to inform the welder that gas remained in the tank when he turned over possession of it was contributory negligence. The testimony then shows that the welder helped Briscoe move the tank away from the bus. Assuming that Briscoe had a duty to inform the welder of any concealed danger of which he was aware, it would seem that reasonable men might infer, as Briscoe undoubtedly did, that the welder noticed the twenty gallons of gas in the tank when he moved it, and proceeded to put water in the tank in order to force the gasoline out. Appellant further

asserts that when Briscoe noticed the welder filling the tank with water, and the gas collecting underneath the bus, he was contributorily negligent in not moving the bus away from this dangerous condition. Since Briscoe was not present when the actual welding took place, it seems reasonable to infer that a reasonable person would assume, under like circumstances, that the experienced welder would notice the obviously dangerous condition, and rectify it before commencing to weld the tank. Although we may not agree with the trial court's analysis of this conduct, we can not say as a matter of law that it constituted contributory negligence, and the finding will not be disturbed.

The next question presented is whether the finding that the bus was in the "care, custody or control" of appellant is supported by substantial evidence. If it is, then the loss suffered by the welding shop is within the exclusion clause of, and therefore not covered by, the liability insurance policy, and such loss must be borne by appellant.

This clause, appearing under the heading "Exclusions," states:

"This endorsement does not apply:

"*  *  *  *  *  *

"(g) under coverage Z, to injury to or destruction of .* * * (2) property used by or in the care, custody or control of the insured * * .*."

Since there are no cases in this jurisdiction construing the phrase "care, custody or control," we shall examine the decisions of other jurisdictions in arriving at our conclusion.

It seems clear from the decided cases that where an insured is working directly on an object which is damaged, such object is in his care, custody or control so as to bring it within the exclusion clause of the liability policy. Thus, where a welder in welding a trailer hitch to the rear of an automobile ignites the automobile, such automobile was at the time in his care, custody or control, Maryland Casualty Co. v. Holmsgaard, 1956, 10 Ill.App.2d 1, 133 N.E.2d 910; John G. Speirs & Co. v. Underwriters at Lloyds London, 1948, 84 Cal.App.2d 603, 191 P.2d 124; and the jacking up of an auto in order to replace an axle places it in the care, custody or control of the insured, Pompeii v. Phoenix Assurance Co. of New York, Broome County, 1957, 7 Misc.2d 846, 166 N.Y.S.2d 619. Where, however, the damaged property or premises were merely incidental or adjacent to the contracted object upon which work was being performed by the insured, such property is not within the care, custody or control of the insured even though he might be permitted access thereto during the performance of his contract. Thomas W. Hooley & Sons v. Zurich Gen. Acc. & Life Ins. Co., 1958, 235 La. 289, 103 So.2d 449, 67 A.L.R.2d 1078; Boswell

v. Travelers Indemnity Co., 1955, 38 N.J. Super. 599, 120 A.2d 250; Maryland Casualty Co. v. Hopper, Tex.Civ.App., 1950, 237 S.W.2d 411. We have examined these cases and find the principles sound. See also the annotation appearing in 62 A.L.R. 2d 1242.

█ In the instant case, there is no evidence to indicate that the appellant did any work or repair upon the bus or that it was necessary for him to take possession, custody or control of the bus in order to complete the requested repairs. Appellant testified that, due to the press of business, he agreed to repair the tank only if Briscoe would remove it from the bus and replace it when repaired. Briscoe testified that he removed the tank from the bus and that in carrying out the interest of his employer he would have replaced it when repaired.

The trial court must have held that physical presence alone was sufficient to bring the bus within the care, custody or control of the appellant. In this regard the learned court erred. See Cohen & Powell, Inc. v. Great American Indemnity Co., 1940, 127 Conn. 257, 16 A.2d 354, 131 A.L.R. 1102. The court specifically found that although Briscoe "was free to remove the bus from the premises after the tank had been removed he did not do so." It seems clear that the presence of the bus on the premises of appellant was merely incidental to repairing the tank. We hold that there is no substantial evidence that the bus in question was in the care, custody or control of the insured within the meaning of the liability insurance policy.

Appellant complains of other errors in the findings, but since they are not material to the question presented they will not be discussed.

The judgment will be affirmed in so far as it holds appellant liable for his negligence in damaging the bus. The judgment on the counterclaim will be reversed and remanded with directions to enter judgment against the casualty company and in favor of appellant for the stipulated damages, the attorney fees allowed by the court below, and additional attorney fees in the amount of $400 allowed appellant for prosecuting this appeal.

It is so ordered.

COMPTON, CARMODY, MOISE and CHAVEZ, JJ., concur.