CULPEPPER, Judge.
In the main demand in this case, the plaintiff, Industrial Supply Company of Louisiana, Inc., seeks to recover $2,911.65 under a comprehensive general liability policy issued to it by the defendant, Trans-america Insurance Company. Plaintiff was making certain additions and alterations to a tank truck for one of its customers, All Field Hot Oil Service, Inc. Plaintiff’s employee lit a welding torch near an open vent to an oil tank on the truck, causing an explosion which damaged it. Trans-america relies on a clause excluding coverage for damage to property by accident, while the property is in plaintiff’s custody and control. There were other alternative and third party demands which will be discussed hereinafter insofar as necessary. From an adverse judgment, plaintiff appealed.
The first issue is whether the damages to the truck were covered by the policy. Under Coverage D, the insurer agreed to pay all sums which the insured became obligated to pay as damages to property caused by accident. However, Exclusion (j) (3) excludes “property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control.”
Transamerica argues that at the time of the explosion the truck was located on Industrial’s premises and its welders were actually performing work on the truck. Hence, that the truck was under the physical control of Industrial.
On the other hand, Industrial contends that the work was being performed under the direction and control of Mr. Kilchrist, general manager of the owner of the truck, All Field Hot Oil Service, Inc.; that there were no plans or specifications and the welders simply did what Kilchrist told them; that Kilchrist, at times during the work, actually tool.- the truck from Industrial’s premises and used it for delivery of hot oil; hence, that Kilchrist maintained custody and control of the truck and Industrial did not have control.
In a well considered written opinion, the trial judge correctly resolved the coverage issue as follows:
“It seems apparent that the applicability of the exclusion clause would be determined with respect to the time the accident occurred. It is true that Kilchrist had taken the truck out of the possession of Industrial for a couple of days and the truck undoubtedly at that time was in Kilchrist’s care, custody and control. When he returned it to Industrial for completion of the installations, he relinquished that control to Industrial which was actually ‘exercising physical control’ of the truck for the purpose of complet *128 ing the installations at the time of the explosion. This conclusion finds support in two decisions involving the same exclusion clause in Pompeii v. Phoenix Assurance Co. [7 A.D.2d 806], 181 N.Y.S.2d 152, and International Derrick [&] Equipment Co. v. Bauxbaum [Buxbaum], 240 Fed.2d 536 [3 Cir.]. It is concluded that the exclusion is applicable in the present case.”
In the alternative, plaintiff contends that Transamerica, as well as Lake Charles Adjustment Service, Inc., which handled this claim, and Mr. Mason Lindsey, the adjuster, are liable for the cost of repairs to the truck under the doctrine of estoppel. This contention arises out of the facts set out below.
Industrial reported the accident immediately to its insurance agent, Schindler-Christman Insurance Agency, Inc., which in turn requested Lake Charles Adjustment Service, Inc. to make an investigation. On the afternoon of the accident, Mr. Mason Lindsey, the insurance adjuster, began his investigation, which included photographing the truck, interviewing witnesses, etc.
Five days following the accident, a 3-party telephone conversation took place between Mr. Rice Scobee, president of Industrial, Mr. R. E. Christman, of the Schindler-Christman Insurance Agency, and Mason Lindsey. Scobee stated that Industrial wanted to get the truck repaired for its customer as soon as possible. Since Industrial could perform the repairs as well as anyone, it would be best for it to start repairs immediately. Scobee contends that, in response to this request, Lindsey authorized Industrial to make the repairs and represented that Transamerica would pay for them. Scobee says he relied on this representation, to Industrial’s detriment, and that all 3 defendants are es-topped to deny liability for the repairs. The trial judge correctly resolved this issue as follows:
“In considering this issue, it is noted that none of the witnesses stated Lindsey agreed to pay for the repairs or that Transamerica would pay for the repairs. There was no discussion as to coverage or non-coverage under the policy. As a matter of fact, it does appear that all persons locally concerned expected that Transamerica would pay for the repairs, but this expectation was reached without any consideration of the question of coverage. Neither Scobee, Lindsey, or Christman apparently thought about the exclusion referred to above. The Court believes that no one would consider that Lindsey, as adjuster for Transamerica, would have the authority to bind it to the payment of any sum on any matter which he might investigate without specific authority for him to so bind the company. There is no intimation that there was any authority from Trans-america to anyone to bind it in connection with its obligation under the Industrial policy. Furthermore, the fact that Sco-bee, “Lindsey and Christman may have thought that Transamerica would pay for the truck repairs is no basis for determining Transamerica’s liability under the policy. That liability is established solely by the provisions of the policy, and the evidence shows that, after the adjuster made his report to Transameri-ca, Transamerica denied liability on the basis of the policy provision discussed above. Even though it might be considered that Lindsey’s authorization to Sco-bee to proceed with repairs to the truck might, under certain circumstances, have caused Scobee to rely thereupon to his detriment or prejudice, as the basis of possible recovery by estoppel, it is evident in this case that Scobee wanted to get the truck repaired and returned to All Field, his customer; and that the matter of who would be responsible for payment never did arise in any conversation with Lindsey or Christman. Furthermore, the evidence discloses that Industrial was better qualified to make these repairs than anyone in the area and it appeared more than willing to undertake the same to get the truck back in *129 shape for its customer, and its desire to have the truck repaired at an early date was not minimized by the fact that it knew that the action of its employee caused the explosion. There is just no proof of the essential element of reliance to its detriment or prejudice in proceeding to make the repairs on the statement by Lindsey.”
In view of our affirmance of the judgment denying recovery on the main demands, we do not reach a consideration of the various third party demands.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.