## Fitzgerald v. Rottner

*F. Murray Bryan* of *McNees, Wallace & Nurich,* for plaintiff.

*Peter J. Dubinsky,* for defendant.

*Joseph P. Hafier* of *Metzger, Hafier, Keefer, Thomas & Wood,* for additional defendant.

WICKERSHAM, J., July 6, 1972.—This case arises out of an incident which occurred on December 11,

1970, when plaintiff delivered his car, a 1969 Chevrolet Corvette, into the care, custody and control of defendant for the performance of certain maintenance services to said vehicle at defendant's service station, including the draining of used oil from the crankcase and replacement of the same with fresh oil. According to plaintiff's complaint, defendant failed to properly service plaintiff's vehicle in that he failed to refill the crankcase of plaintiff's automobile with fresh oil after draining the used oil therefrom, and thereafter undertook to deliver the said vehicle to plaintiff at the latter's place of employment by operating plaintiff's vehicle without oil in the crankcase, all of which allegedly caused serious damage to the engine of plaintiff's vehicle. Suit was brought in trespass and in assumpsit against defendant.[1]

Thereafter, defendant joined as an additional defendant Potomac Insurance Company, alleging that defendant was insured by additional defendant under a policy wherein additional defendant allegedly contracted to insure defendant against liability caused by an occurrence and arising out of the garage operations.

Additional defendant, Potomac Insurance Company, filed preliminary objections to defendant's complaint in the nature of a demurrer and alternatively a petition raising the defense of misjoinder of a cause of action.[2.]

Following argument on the aforementioned pre-

---

[1] Pennsylvania Rule of Civil Procedure 1020 authorizing and making mandatory the joining of assumpsit and trespass arising from the same transaction or series of transactions or occurrences against the same person including causes of action in the alternative. Goodrich-Amram Standard Pennsylvania Practice, Rule 1020, 1972 Supplement, Binders 1 and 2, page 259.

[2] Pennsylvania Rule of Civil Procedure 1017(b)(4) and (5).

liminary objections, an agreement and stipulation for judgment against defendant was filed by and between counsel for plaintiff and defendant stipulating and agreeing to the entry of judgment in favor of plaintiff and against defendant on the issue of liability under the facts and upon the causes of action set forth in plaintiff's complaint in order to "permit disposition of the preliminary objections of additional defendant Potomac Insurance Company . . ." [3]

It is the contention of additional defendant that the insurance policy and the pleadings on their face demonstrate that there is no coverage under additional defendant's policy for the damages alleged in plaintiff's complaint and, hence, the demurrer. In addition, it is additional defendant's position that the joinder of defendant's insurer constitutes a misjoinder of a cause of action and is not properly before the court; hence, the defense of misjoinder.[4]

Additional defendant points out that plaintiff's complaint alleges that plaintiff delivered his vehicle into the care, custody or control of defendant and that defendant admitted such fact in his answer. Finally, additional defendant points to paragraph 5 under "Conditions" of this policy relating to an action against the company and argues that no action shall lie against the company until there has been full compliance with all the terms of the policy, and until the amount of the insured's obligation to pay shall have been finally determined either by judgment against

---

[3] Agreement and stipulation for judgment against defendant filed April 5, 1972.

[4] Specifically, additional defendant argues that its policy (attached as exhibit A to defendant's answer) excludes coverage to defendant for property damage to property in the care, custody or control of the defendant. Paragraph 1, Garage Liability, Coverage H—Property Damage Liability—Exclusion (g)(2).

the insured after actual trial or by written agreement by the insured, the claimant and the company and that no person or organization shall have any right under the policy to join the company as a party to any action against the insured to determine the insured's liability.

## MISJOINDER OF A CAUSE OF ACTION

The defense of misjoinder of a cause of action is determined waived if not raised before the answer. This defense is one which must be raised by preliminary objection.[5] The misjoinder will usually appear on the face of the record and the objections can be raised and disposed of without the need of any outside testimony. Defendant has attempted the joinder of an express insurer or indemnitor. This was not permitted prior to the 1969 amendments and is not permitted since as is stated in the 1972 supplement, binders 3 and 4, Goodrich-Amram Standard Pennsylvania Practice, §2252(a)-7:

"The 1969 amendments do not change the prior rule which forbade the joinder of an express insurer or indemnitor. Such liability will be based upon the contract of insurance or indemnity given by D2 to D1; it will not arise out of the transactions or occurrences on which the plaintiff's cause of action is based.

"The most that can be said is that the cause of action of D1 against D2 arises *partly* out of *those* transactions or occurrences. To illustrate—if there is an automobile collision and D1 is insured in D2, an insurance company, the liability of D2 will be founded upon two independent transactional bases—(1) is D1 liable to P for D1's negligence in operating his vehicle? and

---

[5] Standard Pennsylvania Practice, Goodrich-Amram, Vol. 1, §1017(b)-13, p. 96; Incollingo v. Ewing (Philadelphia County), 48 D. & C. 2d 668 at 674 (1969).

(2) is the accident one which falls within the coverage of D2's outstanding policy?

"To fall within the coverage of the 1969 amendments, the joinder of D2 must be based upon D2's liability arising out of the transactions or occurrences on which plaintiff's cause of action is based, and not upon those transactions plus some additional and unrelated transactions, from which P is divorced."

## DEMURRER

Even if we were to assume that the stipulation of judgment filed between plaintiff and original defendant, referred to hereinabove, cleared the problems discussed in Nichols v. American Casualty Company of Reading, 418 Pa. 119 (1965),[6] there is no coverage under additional defendant policy in any event.

---

[6] In Nichols v. American Casualty Company of Reading, the insurer of an injured workman's employer was sought to be joined as an additional defendant. Preliminary objections were filed and the Supreme Court sustained the lower court's dismissal of the joinder stating as follows:

"Pennsylvania Manufacturers filed preliminary objections to American Casualty's complaint to join it as an additional defendant, averring (1) that the joinder was improper in that it was based on a cause of action not the same as the one declared upon by Motor Inn; and (2) that the allegations of the complaint against it fail to make out a cause of action.

"The court below held:

" 'However, even assuming that there was coverage and a cause of action does exist in favor of the plaintiffs and against the additional defendant, this cause of action is not the same as that declared upon by the plaintiffs against the defendant and may not be joined together under Pennsylvania Rule of Civil Procedure 2252(a).'

"We agree with this finding and conclusion. The claim of the original defendant against the additional defendant is separate and apart from the cause of action between the plaintiff and the original defendant. In order for there to be liability to the plain-

Paragraph 1, "Garage Liability, Coverage H — Property Damage Liability" of defendant's policy specifically provides as follows under exclusion (g):

"This insurance does not apply, under the Garage Liability Coverages:

"(g) to property damage to . . .

"(2) property in the care, custody or control of or being transported by the insured or property as to which the insured is for any purpose exercising physical control";

Plaintiff's complaint alleges that plaintiff delivered his vehicle into the care, custody or control of defendant and further, defendant has admitted such fact in his answer; therefore the damages claimed by plaintiff, that of the damage to plaintiff's engine after defendant performed work on it and was driving the vehicle, is not covered by additional defendant's policy.

The interpretation of a contract is for the court and not a jury, and, therefore, the demurrer is properly be-

tiff on the part of the additional defendant on its policy of insurance with Kendall under the terms of that policy, the original defendant would have to prove that the negligence which caused Jordan's injuries occurred in such a manner as to bring it under the loading and unloading clause of that policy, a fact which was not determined by the jury's verdict in the negligence case. It is thus clear that the claim of the original defendant against the additional defendant raises issues which play no part in the cause of action alleged by Motor Inn against its insurance carrier, the original defendant.

"To permit such a joinder would complicate and becloud the issues raised in the original suit. As this Court stated in Land Title Bank & Trust Company v. Cheltenham National Bank, 362 Pa. 30, the rule of permissive joinder 'was not intended to complicate legal proceedings by combining entirely separate causes of action in one suit; the cause of action as to which the original defendant may bring in an additional defendant must still be the cause of action declared on by the plaintiff in the action against the original defendant.' "

fore the court at this time: 8 P.L. Encyc., Contracts, §175; Hampers v. Darling, 194 Pa. Superior Ct. 59 (1960). In 12 Couch on Insurance 2d, §44:425, the following appears, at page 11:

"It has been held that there is no ambiguity in an exclusion with respect to property in the care, custody, or control of the insured and that therefore such clause cannot be construed to mean otherwise than what it says and must be given the plain and ordinary meaning of the terms used." [7]

A Mississippi case involving almost identical facts has applied the care, custody or control exclusion and set forth numerous other decisions holding that a garage liability policy does not cover damage to a customer's automobile while in charge of the garage owner. In State Automobile Mutual Insurance Company of Columbus, Ohio v. Glover, 176 So. 2d 256 (Miss., 1965), plaintiff operated a garage and had purchased a garage liability policy. A customer left his automobile with plaintiff to have its carburetor repaired or replaced. After the carburetor was replaced, plaintiff's mechanic began warming up the engine and it immediately became apparent that something was wrong with the engine. The engine was stopped by the mechanic and it was discovered that a piece of metal had gotten into the cylinder and the operation of the engine had damaged the piston and cylinder wall. On appeal, the Supreme Court of Mississippi held that there was no coverage for the damage to the automobile. The court stated as follows, at page 258:

"[3] The damage to the automobile consisted of internal injury to its engine. This was brought about

---

[7] Accord: Masters v. Celina Mutual Insurance Company, 209 Pa. Superior Ct. 111 (1966).

by the introduction of an extraneous or foreign metal object into a cylinder during the course of repairs being made by a mechanic while the automobile of the customer was in charge of appellee, the insured. It is neither argued nor suggested by appellee that a 'collision' or 'upset' occurred.

"It is clear that the policy does not and was not intended to afford coverage where damage occurs to a customer's automobile while it is in charge of the insured for repairs, either as the result of error, mistake, or omission on the part of a mechanic in making the repairs, or from some casualty other than as the result of 'upset' or 'collision.'

"This conclusion is supported by a number of decisions construing garage liability or indemnity policies which contained substantially the same provisions as the policy here and which involved essentially similar circumstances. Guidici v. Pacific Automobile Ins. Co., 79 Cal App. 2d 128, 179 P. 2d 337 (1947); Lyon v. Aetna Casualty & Surety Co., 140 Conn. 304, 99 A. 2d 141 (1953); Haenal v. United States Fidelity & Guaranty Co., 88 So. 2d 888 (Fla. 1956); Vaughan v. Home Indemnity Co., 86 Ga. App. 196, 71 S.E. 2d 111 (1952); Maryland Casualty Co. v. Homsgaard, 10 Ill. App. 2d 1, 133 N.E. 2d 910 (1956); Root Motor Co. v. Mass Bonding & Ins. Co., 187 Minn. 559, 246 N.W. 118 (1932); Pompeii v. Phoenix Assurance Co. of N.Y., 7 A.D. 2d 806, 181 N.Y.S. 2d 152 (1958); Aglione v. American Automobile Insurance Co., 87 R.I. 473, 143 A. 2d 148, 150 A. 2d 183 (1958); State Automobile Mutual Ins. Co. v. Connable-Joest, Inc., 174 Tenn. 377, 125 S.W. 2d 490 (1939).

"Reversed and judgment here for appellant."

In addition, the court made reference to the rule stated in Couch, above, that there is no ambiguity in policy exclusions with respect to property in the care,

custody or control of the insured and the policy must be given the plain and ordinary meaning of the terms used. The court stated as follows, at page 258:

"[2] None of the above provisions of the policy is ambiguous and each is headed in bold, black lettering with its appropriate title, which in each case is fairly indicative of its contents. Rules of construction are useful only where the language used is ambiguous or unclear. Nor would it serve any useful purpose to review the authorities cited in the briefs upon the meaning of 'caused by accident,' or of 'upset,' or 'collision.' No rule of construction requires or permits the Court to make a contract differing from that made by the parties themselves, or to enlarge an insurance company's obligations where the provisions of its policy are clear."

A demurrer, of course, is an assertion that the complaint does not set forth a cause of action upon which relief can be granted. It admits, for the purpose of testing the sufficiency of the complaint, all properly pleaded facts, but not conclusions of law: Balsbaugh et al. v. Rowland, 447 Pa. 423, 426 (1972).

For the reasons set forth hereinabove, we are sustaining the preliminary objection in the nature of a demurrer to additional defendant complaint on the basis that no coverage exists under the policy of insurance issued by Potomac Insurance Company to defendant under the particular circumstances of this case.[8]

---

[8] As indicated hereinabove, additional defendant's preliminary objection in the nature of a petition raising the defense of misjoinder of a cause of action is also well taken and additional defendant complaint would have been dismissed for that reason as well; however, in order to give finality to this opinion, we choose the route of sustaining the demurrer to the additional defendant complaint on the basis of lack of coverage.

## ORDER

And now, this July 6, 1972, the preliminary objection in the nature of a demurrer to additional defendant complaint is sustained and additional defendant complaint is dismissed.